# FARNSWORTH v. TERRITORY OF MONTANA.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

No. 93. Argued November 23, 1888. — Decided January 14, 1889.

A writ of error does not lie from this court to the Supreme Court of the Territory of Montana to review a judgment of that court, affirming the judgment of a District Court in that Territory, finding the plaintiff in error guilty of the crime of misdemeanor, and sentencing him to pay a fine.

The act of March 3, 1885, (23 Stat. 443,) held not to apply to a criminal case.

THIS was a writ of error to the Supreme Court of the Territory of Montana, in a criminal case, brought by George W. Farnsworth, who was proceeded against by an information in the Probate Court in and for Gallatin County, in that Territory, for the crime of misdemeanor, in having, in violation of a statute, as a commercial traveller, offered for sale in that Territory merchandise to be delivered at a future time, without first having obtained a license. He was arrested, and pleaded

not guilty, and was tried by the court, no jury having been asked for or demanded.

The court found him guilty, and its judgment was that he pay a fine of $50, and costs of the prosecution, $17.70, and stand committed until such fine and costs should be paid. He took an appeal to the District Court for the county of Gallatin, and the case was tried by that court, a jury being expressly waived, and it found him guilty and sentenced him to pay a fine of $50 and all costs of prosecution. He then took an appeal to the Supreme Court of the Territory. That court affirmed the judgment of the District Court, in January, 1885. *Territory* v. *Farnsworth*, 5 Montana, 303, 324. To review that judgment the defendant brought the case to this court by a writ of error.

*Mr. James Lowndes*, for plaintiff in error, argued the case when it was reached on the docket, November 23. Subsequently, on the 15th December, at the request of the court, he filed an additional brief on the subject of jurisdiction, as follows:

Congress clearly has constitutional power to give such jurisdiction to the Supreme Court, and the only question is whether it has in fact given it.

The following are the statutory provisions regulating the appellate jurisdiction of this court over the judgments and decrees of territorial courts: "The final judgments and decrees of the Supreme Court of any Territory, except the Territory of Washington, in cases where the value of the matter in dispute, exclusive of costs, to be ascertained by the oath of either party or other competent witnesses, exceeds one thousand dollars, may be reviewed and reversed or affirmed in the Supreme Court, upon writ of error or appeal, in the same manner and under the same regulations as the final judgments and decrees of a Circuit Court. In the Territory of Washington the value of the matter in dispute must exceed two thousand dollars, exclusive of costs. And any final judgment or decree of the Supreme Court of said Territory in any cause [when] the Constitution or a statute or a treaty of the

United States is brought in question, may be reviewed in like manner." Rev. Stat. § 702.

The last two clauses of this section apply exclusively to the Territory of Washington. *Snow* v. *United States*, 118 U. S. 346. By the act of March 3, 1885, 23 Stat. 442, c. 355, it was enacted that:

"Sec. 1. No appeal or writ of error shall hereafter be allowed from any judgment or decree in the Supreme Court of any of the Territories of the United States unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars.

"Sec. 2. The preceding section shall not apply to any case wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, but in all such cases an appeal or writ of error may be brought without regard to the sum or value in dispute."

The larger part of the appellate jurisdiction of this court over the decisions of the territorial courts is derived from the first clause of Rev. Stat. § 702.

There is nothing in the language of this clause to restrict its operation to civil cases. In this respect it differs from the 22d section of the Judiciary Act of 1789, and its substitute, Rev. Stat. § 691, giving jurisdiction over the decisions of the Circuit Courts. That jurisdiction is expressly confined to *civil* actions by the terms of those enactments.

In the case of *Watts* v. *The Territory of Washington*, 91 U. S. 580, this court decided that the first clause of Rev. Stat. § 702, did not confer jurisdiction in criminal cases. The grounds of the opinion are not stated.

The eighth section of the act of 1801, giving the court jurisdiction over the decisions of the courts of the District of Columbia is as broad in its language as Rev. Stat. § 702. In *United States* v. *More*, 3 Cranch, 159, it was held that the last-mentioned act did not embrace criminal cases. This construction was rested on the ground that the words "value of the matter in dispute" (which were contained in the act of 1801) are appropriate to civil cases.

The first clause of Rev. Stat. § 702, was considered in *Smith* v. *Whitney*, 116 U. S. 167, and was there held to embrace a writ of error to the final judgment of the Supreme Court of the District of Columbia refusing a writ of prohibition to a court-martial.

The latter case establishes the principle that a criminal case is within § 702 if the judgment is attended with pecuniary loss. It seems, in effect, to overrule *United States* v. *More*.

But the construction of the first clause of Rev. Stat. § 702, is important only as throwing light on the policy of Congress in regard to the appellate jurisdiction over the decisions of the territorial court.

The jurisdiction in the present case is derived from the second clause of the act of 1885. The first clause of the act does not confer jurisdiction, but merely narrows that which had been given by Rev. Stat. § 702.

The second clause of the act, on the other hand, contains an affirmative grant of jurisdiction in addition to that given by Rev. Stat. § 702. It may be paraphrased thus:

"Appeals or writs of error may be brought without regard to the sum or value in dispute in cases in which the validity of a treaty or statute of, or authority exercised under, the United States is drawn in question."

Does this enactment embrace criminal cases?

The words of the act are plain, and certainly broad enough to include criminal cases. "In all such cases," etc., is its language.

If the act is to be restricted to civil cases, this must be on some principle of construction by which the natural import of the words is to be narrowed.

The reasoning in *More* v. *United States*, 3 Cranch, 159, on the construction of the act of 1801, does not apply to the act, because the jurisdiction is given without reference to the value of the matter in dispute. The ground of the restrictive construction given to that act is absent from the act of 1885.

Words substantially the same as those of the act of 1885 have received from this court the construction here contended for.

The act of 1867, amending the twenty-fifth section of the Judiciary Act provides: "That a final judgment or decree in any suit in the highest court of a State . . . where is drawn in question the validity of a treaty or a statute of, or an authority exercised under, the United States . . . or under . . . any State, may be re-examined," etc.

A writ of error was applied for, under this act, to the judgment of a state court in a criminal case. The court said:

"Neither the act of 1789 nor the act of 1867, which, in some particulars supersedes and replaces the act of 1789, makes any distinction between civil and criminal cases, in respect to the revision of the judgments of state courts by this court; nor are we aware that it has ever been contended that any such distinction exists. Certainly none has been recognized here. No objection, therefore, to the allowance of the writ of error asked for by the petition can arise from the circumstance that the judgment which we are asked to review was rendered in a criminal case." *Twitchell* v. *Pennsylvania*, 7 Wall. 321, 324.

The language of the act of 1867 cannot, in effect, be distinguished from that of the act of 1885.

In *Spies* v. *Illinois*, 123 U. S. 131, no question was made of the applicability of the act of 1867 to criminal cases. Nor in *Brooks* v. *Missouri*, 124 U. S. 394.

The last clause of § 702, Revised Statutes, provides that the final judgment or decree of the Supreme Court of the said Territory (Washington) in any cause (when) the Constitution or a statute or treaty of the United States is brought in question may be reviewed in like manner (*i.e.*, by the Supreme Court). This language is similar to that used in the act of 1885.

In the case of *Watts* v. *The Territory of Washington*, 91 U. S. 580, this court said: "This court can only review the final judgments of the Supreme Court of the Territory of Washington in *criminal* cases when the Constitution or a statute or treaty of the United States is drawn in question. Rev. Stat. § 702."

Appellate jurisdiction without regard to the amount in dispute is given in cases involving constitutional questions in the Circuit Courts, Rev. Stat. § 699; in the District of Columbia,

23 Stat. 442; in the state courts; and in the territorial courts. It is fairly to be inferred that Congress intended to restrict the appellate jurisdiction, where only questions of municipal law were involved, to civil cases, and to give appellate jurisdiction to cases, both civil and criminal, whenever the Constitution or the national authority were in question.

It thus appears that this court has, in several instances, construed words similar to those used in the act of 1885 as including criminal cases. It is submitted, therefore, that the terms of the act of 1885 were intended to embrace criminal cases, and that the present case is within the jurisdiction of the court.

No appearance for defendant in error.

MR. JUSTICE BLATCHFORD, after stating the case as above reported, delivered the opinion of the court.

It is very clear that this is a criminal case; and the question arises whether there is any authority for the review by this court of the decision of the Supreme Court of the Territory of Montana, in a criminal case. We have been furnished with a brief on this subject by the counsel for the plaintiff in error; but we are unable to find any statutory authority for the jurisdiction of this court in this case.

Section 702 of the Revised Statutes provides as follows: "The final judgments and decrees of the Supreme Court of any Territory, except the Territory of Washington, in cases where the value of the matter in dispute, exclusive of costs, to be ascertained by the oath of either party, or of other competent witnesses, exceeds one thousand dollars, may be reviewed and reversed or affirmed in the Supreme Court, upon writ of error or appeal, in the same manner and under the same regulations as the final judgments and decrees of a Circuit Court. In the Territory of Washington, the value of the matter in dispute must exceed two thousand dollars, exclusive of costs. And any final judgment or decree of the Supreme Court of said Territory in any cause [when] the Constitution or a statute or

treaty of the United States is brought in question may be reviewed in like manner."

Section 1909 of the Revised Statutes provides, that writs of error and appeals from the final decisions of the Supreme Court of any one of eight named Territories, of which Montana is one, "shall be allowed to the Supreme Court of the United States, in the same manner and under the same regulations as from the Circuit Courts of the United States, where the value of the property or the amount in controversy, to be ascertained by the oath of either party, or of other competent witnesses, exceeds one thousand dollars, except that a writ of error or appeal shall be allowed to the Supreme Court of the United States upon writs of habeas corpus involving the question of personal freedom."

Section 1911 of the Revised Statutes relates exclusively to writs of error and appeals from Washington Territory. Section 709 applies only to a writ of error to review a final judgment or decree in a suit in the highest court of a State.

In *Snow* v. *United States*, 118 U. S. 346, these sections, 702, 709, 1909, and 1911, were considered in reference to their application to a criminal case from the Territory of Utah, other than a capital case or a case of bigamy or polygamy, writs of error in which were provided for by § 3 of the act of June 23, 1874, 18 Stat. 253; and the reasons there given why they did not apply to or cover such a criminal case, show that they do not apply to or cover a criminal case from the Territory of Montana.

Reference is made by the plaintiff in error to the case of *Watts* v. *Territory of Washington*, 91 U. S. 580, which was a criminal case from the Territory of Washington, in which it did not appear that the Constitution or any statute or treaty of the United States had been brought in question. The jurisdiction of this court in the case was questioned, as not being embraced by the last clause of § 702 of the Revised Statutes, before quoted. This court dismissed the case for want of jurisdiction, saying that it could only review the final judgments of the Supreme Court of the Territory of Washington in criminal cases, when the Constitution or a statute or treaty

of the United States was drawn in question. The decision in the case did not uphold the jurisdiction of this court in a criminal case where the Constitution or a statute or treaty of the United States was drawn in question, and the language of the court in that respect was *obiter dictum.*

It is sought, however, to uphold the jurisdiction in this case under the provisions of the act of March 3d, 1885, 23 Stat. 443, which reads as follows: " No appeal or writ of error shall hereafter be allowed from any judgment or decree in any suit at law or in equity in the Supreme Court of the District of Columbia, or in the Supreme Court of any of the Territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars.

" SEC. 2. That the preceding section shall not apply to any case wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of or an authority exercised under the United States; but in all such cases an appeal or writ of error may be brought without regard to the sum or value in dispute."

In *Snow* v. *United States, supra,* at p. 351, it was held that the first section of that statute applied solely to judgments or decrees in suits at law or in equity measured by a pecuniary value. But it is contended in the present case, that the operation of such first section is not restricted to civil cases. It is, however, restricted to cases where the matter in dispute is measured by a pecuniary value; and it was said by this court, in *Kurtz* v. *Moffitt,* 115 U. S. 487, 498, that " a jurisdiction, conferred by Congress upon any court of the United States, of suits at law or in equity in which the matter in dispute exceeds the sum or value of a certain number of dollars, includes no case in which the right of neither party is capable of being valued in money." It was further said in *Snow* v. *United States, supra,* at p. 354 : " As to the deprivation of liberty, whether as a punishment for crime or otherwise, it is settled by a long course of decisions, cited and commented on in *Kurtz* v. *Moffitt, ubi supra,* that no test of money value can be applied to it to confer jurisdiction."

In the present case, the information was for the commission

of a crime. The punishment inflicted by the Probate Court was a fine of $50 and $17.70 costs, and a judgment that the defendant stand committed until such fine and costs should be paid. The judgment of the District Court was that the defendant pay a fine of $50 and all costs of prosecution. The Supreme Court affirmed, with costs, the judgment of the District Court. The judgment of the Probate Court was imprisonment until the payment of the fine and costs, and, if the fine covered by the judgment of any one of the courts could be called a "matter in dispute," within the first section of the act of 1885, the pecuniary value involved did not exceed $5000. So it is plain that the first section of the act of 1885 does not cover the case.

It is claimed, however, that jurisdiction in the present case is derived from the second section of the act of 1885, and that, under that section, jurisdiction exists in a criminal case from the Supreme Court of a Territory, wherein is drawn in question the validity of a treaty or statute of, or authority exercised under, the United States. The view urged is, that, in the present case, there is drawn in question the validity of an authority exercised under the United States, on the ground that the statute of Montana, under which the conviction was had, is invalid, and that, as the legislature of Montana, which enacted it, exists under the authority of the United States, the question of the validity of the statute raises the question of the validity of an authority exercised under the United States. But we do not find it necessary to consider this question, for we are of opinion that the second section of the act of 1885 does not apply to any criminal case. That section contains an exception or limitation carved out of the first section. It declares that the first section "shall not apply to any case wherein is involved the validity of any patent or copyright, or in which is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States," and then enacts that, "in all such cases, an appeal or writ of error may be brought without regard to the sum or value in dispute." This clearly implies that the cases to which the second section is to apply are to be cases where there is a

pecuniary matter in dispute, and where that pecuniary matter is measurable by some sum or value, and where the case, is also one of the kind mentioned in the second section.

There is another consideration strengthening these views. The act of 1885 relates to appeals and writs of error from the judgments and decrees of the Supreme Court of the District of Columbia and those of the Supreme Court of any of the Territories of the United States. It was not independent legislation, but its main purpose was merely to increase to over $5000 the jurisdictional amount, which, by §§ 702 and 1911 of the Revised Statutes, was required to be over $2000 for the Territory of Washington; and, by §§ 702 and 1909, over $1000 for every other Territory; and, by § 705, as amended by § 4 of the act of February 25th, 1879, 20 Stat. 321, over $2500 for the District of Columbia. In all these prior statutes — §§ 702, 705, 1909, 1911, and the act of 1879 — it was said that this court was to review the judgments and decrees "in the same manner and under the same regulations" provided as to the final judgments and decrees of a Circuit Court. These prior provisions are not repealed; and no jurisdiction ever existed in this court to review by writ of error or appeal the judgment of a Circuit Court in a criminal case.

In *Smith* v. *Whitney*, 116 U. S. 167, cited for the plaintiff in error, the jurisdiction of this court was maintained, under the first section of the act of 1885, of an appeal from, and a writ of error to, the Supreme Court of the District of Columbia, in a case where that court, by its judgment, had dismissed a petition for a writ of prohibition to a court-martial, convened to try an officer for an offence punishable by dismissal from the service and the deprivation of a salary which, during the term of his office, would exceed the sum of $5000. A writ of prohibition is a civil remedy, given in a civil action, as much so as a writ of *habeas corpus*, which this court has held to be a civil and not a criminal proceeding, even when instituted to arrest a criminal prosecution. *Ex parte Tom Tong*, 108 U. S. 556.

It would have been easy for Congress to confer upon this

court jurisdiction in criminal cases from the Territories, by plain and explicit language; and for the reason that no such jurisdiction exists by statute in the present case,

*The writ of error is dismissed.*