## CROSS v. BURKE.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 1105. Argued November 1, 1892. — Decided November 14, 1892.

This court has no jurisdiction over judgments of the Supreme Court of the District of Columbia on *habeas corpus*.

The statutes on this subject reviewed.

*Wales* v. *Whitney*, 114 U. S. 564, qualified and explained.
This court does not consider itself bound by expressions touching its juris-
diction found in an opinion in a case in which there was no contest on
that point.

WILLIAM D. CROSS was found guilty for the second time
upon an indictment for murder in the Supreme Court of the
District of Columbia holding a criminal term and sentenced
to death, the time of his execution being fixed for January 22,
1892. He prosecuted an appeal to the court in general term,
which, on January 12, 1892, finding no error in the record,
affirmed the judgment rendered at the criminal term, and on
January 21, 1892, a writ of error from this court was allowed
by the Chief Justice of the Supreme Court of the District,
citation was signed and served, and the time for filing the
record enlarged. On the same day the execution of the sen-
tence of death was postponed until the 10th of June, 1892, by
order entered by the court in general term.

That writ of error was dismissed May 16, 1892, *Cross* v.
*United States*, 145 U. S. 571. May 28, 1892, Cross filed his
petition in the Supreme Court of the District of Columbia for
a writ of *habeas corpus*, which petition was heard in the first
instance by that court in general term. The application was
denied June 4, 1892, and the petition dismissed, 20 Wash.
Law Rep. 389. On June 8, 1892, the court in general term
allowed an appeal to this court.

*Mr. C. M. Smith* and *Mr. Joseph Shillington* for appellant.

*Mr. Solicitor General* for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the
court.

It was not denied in the Supreme Court of the District that
the time and place of execution are not parts of a sentence
of death unless made so by statute. *Holden* v. *Minnesota*,
137 U. S. 483, 495; *Schwab* v. *Berggren*, 143 U. S. 442, 451.
But it was insisted that in the District of Columbia the time
has been made a part of the sentence by section 845 of

the Revised Statutes of the District, which is in these words: "To enable any person convicted by the judgment of the court, to apply for a writ of error, in all cases when the judgment shall be death, or confinement in the penitentiary, the court shall, upon application of the party accused, postpone the final execution thereof to a reasonable time beyond the next term of the court, not exceeding in any case thirty days after the end of such term." And it was contended that the time fixed by such a postponement is to be regarded as a time fixed by statute, and that the power of the court to set a day for execution is thereby exhausted.

The Supreme Court of the District of Columbia, speaking by James, J., held that "the subject-matter dealt with in this provision was not the powers of the court at all; it related simply to a right of the accused in a particular instance, that is, a right to a postponement of the time of executing his sentence in case he should apply for it in order to have a review of alleged error. With the exception of this restriction in the matter of fixing a day for execution, the power of the court was not made the subject of legislation, but was left as it had been at common law. The whole effect of the statute was to declare that, in case of an application for the purpose of obtaining a review on error, the day of execution should not be set so as to cut off the opportunity for review and possible reversal;" that the power of the court to set a day for execution was not exhausted by its first exertion; and that if the time for execution had passed for any cause, the court could make a new order.

We have held that this court has no jurisdiction to grant a writ of error to review the judgments of the Supreme Court of the District in criminal cases, either under the judiciary act of March 3, 1891, (26 Stat. 826, c. 517); or under the act of Congress of February 6, 1889, (25 Stat. 655, c. 113,) or any other; *In re Heath, Petitioner*, 144 U. S. 92; *Cross* v. *United States*, 145 U. S. 571. Have we jurisdiction over the judgments of that court on *habeas corpus?*

Under the fourteenth section of the judiciary act of 1789, 1 Stat. 73, c. 20, the courts of the United States and either of

the Justices of the Supreme Court, as well as the Judges of the District Courts, had power to grant writs of *habeas corpus* for the purpose of an inquiry into the cause of commitment; but this extended in no case to prisoners in jail, unless in custody under or by color of the authority of the United States, or committed for trial before some court of the United States, or necessary to be brought into court to testify.

By the seventh section of the act of March 2, 1833, 4 Stat. 634, c. 57, the power was extended to all cases of prisoners in jail or confinement, when committed or confined on or by any authority or law for any act done or omitted to be done in pursuance of a law of the United States, or any order, process, or decree of any judge or court thereof.

By the act of August 29, 1842, 5 Stat. 539, c. 257, the power was further extended to issue the writ when the prisoner, being a subject or citizen of a foreign State and domiciled therein, "shall be committed or confined, or in custody, under or by any authority or law, or process founded thereon, of the United States, or of any one of them, for or on account of any act done or omitted under any alleged right, title, authority, privilege, protection, or exemption, set up or claimed under the commission, or order, or sanction, of any foreign state or sovereignty, the validity and effect whereof depend upon the law of nations, or under color thereof."

By the first section of the act of February 5, 1867, 14 Stat. 385, c. 28, it was declared that the courts of the United States and the several Justices and Judges thereof should have power "to grant writs of *habeas corpus* in all cases where any person may be restrained of his or her liberty in violation of the Constitution or of any treaty or law of the United States." And it was provided that "from the final decision of any judge, justice, or court inferior to the Circuit Court, an appeal may be taken to the Circuit Court of the United States for the district in which said cause is heard, and from the judgment of said Circuit Court to the Supreme Court of the United States."

March 27, 1868, an act was passed, 15 Stat. 44, c. 34, to the effect that "so much of the act approved February five, eigh-

teen hundred and sixty-seven, entitled 'An act to amend "An act to establish the judicial courts of the United States," approved September twenty-fourth, seventeen hundred and eighty-nine,' as authorizes an appeal from the judgment of the Circuit Court to the Supreme Court of the United States, or the exercise of any such jurisdiction by said Supreme Court on appeals which have been or may hereafter be taken, be, and the same is, hereby repealed." *Ex parte McCardle*, 6 Wall. 318; 7 Wall. 506; *Ex parte Yerger*, 8 Wall. 85.

These various provisions were carried forward into §§ 751 to 766 of the Revised Statutes.

By section 763 it was provided that an appeal to the Circuit Court might be taken from decisions on *habeas corpus*. (1) In the case of any person alleged to be restrained of his liberty in violation of the Constitution or of any law or treaty of the United States. (2) In the case of the subjects or citizens of foreign States, as hereinbefore set forth. And by section 764 an appeal to the Supreme Court from the Circuit Court was provided for, but limited to "the cases described in the last clause of the preceding section."

The Revised Statutes of the United States and the Revised Statutes of the District of Columbia were approved June 22, 1874. Section 846 of the latter, which was taken from section 11 of the act of March 3, 1863, 12 Stat. 764, c. 91, is as follows: "Any final judgment, order, or decree of the Supreme Court of the District may be re-examined, and reversed or affirmed in the Supreme Court of the United States upon writ of error or appeal, in the same cases and in like manner as provided by law in reference to the final judgments, orders or decrees of the Circuit Courts of the United States." By act of Congress of March 3, 1885, 23 Stat. 437, c. 353, section 764 of the Revised Statutes was amended in effect by striking out the words, "the last clause of," so that an appeal might be taken in all the cases described in section 763.

It was to this act that Mr. Justice Miller referred in *Wales* v. *Whitney*, 114 U. S. 564, 565, as restoring "the appellate jurisdiction of this court in *habeas corpus* cases from decisions of the Circuit Courts, and that this necessarily included juris-

diction over similar judgments of the Supreme Court of the District of Columbia." But the question of jurisdiction does not appear to have been contested in *Wales* v. *Whitney,* and where this is so the court does not consider itself bound by the view expressed. *United States* v. *Sanges,* 144 U. S. 310, 317; *United States* v. *More,* 3 Cranch, 159, 172. We have pointed out in *In re Heath,* 144 U. S. 92, that to give to this local legislation, extending the appellate jurisdiction of this court to the District of Columbia, a construction which would make it include all subsequent legislation touching our jurisdiction over Circuit Courts of the United States, is quite inadmissible, (*Kendall* v. *United States,* 12 Pet. 524;) and that no reference was made in *Wales* v. *Whitney,* to the act of Congress approved on the same third of March, 1885, entitled "An act regulating appeals from the Supreme Court of the District of Columbia and the Supreme Courts of the several Territories," 23 Stat. 443, c. 355. The first section of this act provided "That no appeal or writ of error shall hereafter be allowed from any judgment or decree in any suit at law or in equity in the Supreme Court of the District of Columbia, or in the Supreme Court of any of the Territories of the United States, unless the matter in dispute, exclusive of costs, shall exceed the sum of five thousand dollars;" and the second section, that the first section should not apply to any case "wherein is involved the validity of any patent or copy-right, or in which is drawn in question the validity of a treaty or statute of or authority exercised under the United States; but in all such cases an appeal or writ of error may be brought without regard to the sum or value in dispute."

The act does not apply in either section to any criminal case, *Farnsworth* v. *Montana,* 129 U. S. 104; *United States* v. *Sanges,* 144 U. S. 310, but is applicable to all judgments or decrees in suits at law or in equity in which there is a pecuniary matter in dispute, and it inhibits any appeal or writ of error therefrom except as stated. Clearly, the act of March 3, 1885, amending § 764 of the Revised Statutes, in respect of Circuit Courts, cannot be held to give a jurisdiction in respect of the Supreme Court of the District denied by the act of

March 3, 1885, relating to the latter court. It is well settled that a proceeding in *habeas corpus* is a civil and not a criminal proceeding. *Farnsworth* v. *Montana, ubi supra; Ex parte Tom Tong,* 108 U. S. 556; *Kurtz* v. *Moffitt,* 115 U. S. 487. The application here was brought by petitioner to assert the civil right of personal liberty against the respondent, who is holding him in custody as a criminal, and the inquiry is into his right to liberty notwithstanding his condemnation.

In order to give this court jurisdiction under the act of March 3, 1885, last referred to, the matter in dispute must be money; or some right, the value of which in money can be calculated and ascertained. *Kurtz* v. *Moffitt, ubi supra.* And as in this case the matter in dispute has no money value, the result is that no appeal lies.

It may also be noted that under the Judiciary Act of March 3, 1891, 26 Stat. 826, appeals from decrees of Circuit Courts on *habeas corpus* can no longer be taken directly to this court in cases like that at bar, but only in the classes mentioned in the fifth section of that act. *Lau Ow Bew* v. *United States,* 144 U. S. 47; *Horner* v. *United States,* 143 U. S. 570.

*Appeal dismissed.*