## In re EDWARDS.

### No. 11206.

Circuit Court of Appeals, Eighth Circuit.
Sept. 12, 1939.

Rehearing Denied Oct. 21, 1939.

Richard K. Phelps, Asst. U. S. Atty., of Kansas City, for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from denial of leave to file a petition for the writ of habeas corpus.

Two motions are to be determined before reaching the merits of the appeal. One of these is a motion by appellant to prosecute this appeal as a poor person. The motion is granted and an order will be entered to that effect. The second motion is by appellee to dismiss the appeal because,

it is alleged, "appellant has failed to perfect his appeal in accordance with Rule 37 of this Honorable Court." This Rule 37 is applicable only to appeals in criminal cases. A habeas corpus proceeding is not a criminal but a civil proceeding. Gonzales v. Cunningham, 164 U.S. 612, 618, 17 S. Ct. 182, 41 L.Ed. 572; Cross v. Burke, 146 U.S. 82, 88, 13 S.Ct. 22, 36 L.Ed. 896; Farnsworth v. Montana, 129 U.S. 104, 113, 9 S.Ct. 253, 32 L.Ed. 616. Rule 37 is, therefore, not applicable to an appeal in a habeas corpus case. The motion to dismiss is denied.

The appellant is confined in the United States Medical Center at Springfield, Missouri. He is prosecuting this proceeding himself without aid of counsel. This situation has caused us to overlook many omissions and irregularities in this record which, under other circumstances, we would regard as serious. We pass over everything to get to the merits which he wishes us to consider and to determine.

According to the record here he was convicted of violation of the Dyer Act, 18 U.S.C.A. § 408, in that he transported a stolen automobile from Hillsboro, Ohio, to Lexington, Kentucky, with guilty knowledge. June 29, 1935, he was sentenced to five years in a penitentiary. He was committed to and confined in the federal prison at Atlanta until transferred to Springfield.

He complains of four matters (a) invalidity of the indictment; (b) invalidity of the sentence; (c) erroneous matters occurring in connection with the trial; and (d) deprivation of his alleged right to apply to the Parole Board for "parole".

■ (a) *The Indictment.* The complaint as to the indictment is that it does not set forth "the model of said coupe or the year the said coupe was made in." The indictment described the car as "a certain motor vehicle, to-wit: Ford coupe, motor No. 4050825." It would seem that the above quoted description in the indictment is sufficient. If there existed need for greater particularity in the description, there was an ample remedy—a motion to secure such. The complaint that the claimed omission of further description of the car rendered the indictment invalid is not well taken. Compare Hogan v. O'Neill, 255 U.S. 52, 53, 41 S.Ct. 222, 65 L.Ed. 497.

■ (b) *The Sentence.* The attack upon the sentence is that it did not contain a statement of or identification of the crime for which sentence was entered. Appellant contends the sentence must contain such a statement as "for violating the Interstate Commerce Law, Title 18, Section 408, U.S.C.A." The order of sentence was as follows:

"United States
vs.                    No. 5705
Courtney Edwards, alias Courtney Jett
Order
Entered June 29th, 1935

"This cause coming on for sentence, defendant, having nothing further to say, is sentenced to be committed to the custody of the Attorney General, or his authorized representative for confinement in an institution of the Penitentiary type for a period of Five Years, and he is now committed.
"H. Church Ford, Judge."

This order of sentence was, when considered in connection with the record of the case, sufficient. Pointer v. United States, 151 U.S. 396, 418, 14 S.Ct. 410, 38 L.Ed. 208; White v. United States, 164 U.S. 100, 101, 17 S.Ct. 38, 41 L.Ed. 365; Demolli v. United States, 8 Cir., 144 F. 363, 367, 6 L. R.A., N.S., 424, 7 Ann.Cas. 121.

■ (c) *Errors in Trial.* The main matters urged in this connection are that the evidence did not justify submission of the case in that the motor number of the car testified to as being stolen and transported was not the motor number of the car alleged to have been stolen in the indictment; and that the fact was that appellant was indicted for stealing and transporting a car with a certain motor number when the car of that motor number was his lawfully owned car. These errors have to do with the evidence either produced or failed to be produced at the trial. Such errors are reachable by appeal from the judgment of conviction. It is firmly established that where the matter objected to could have been presented by an appeal from the judgment of conviction it must be so presented and cannot be made a basis for a habeas corpus proceeding. Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L.Ed. 497; McIntosh v. White, 8 Cir., 21 F.2d 934, 935; Cardigan v. Biddle, 8 Cir., 10 F.2d 444, 447.

■ (d) *Parole.* The position of appellant seems to be that he has been denied the right to appear before the Parole Board and seek a parole by the determination that he is insane and that such determination was not lawful. In a habeas corpus proceeding the petitioner must show a right

to an immediate release to entitle him to prevail. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. There is no allegation nor showing here that appellant had earned a right to be considered for a parole by having a proper allowance for "good time" (see Morgan v. Aderhold, 5 Cir., 73 F.2d 171, 173) and until there is such a showing the writ of habeas corpus does not lie (Griffin v. Zerbst, 10 cir., 83 F.2d 805, 806; Aderhold v. Lee, 5 cir., 68 F.2d 824) because there is no shown right to immediate release. Also, the Supreme Court has held recently that habeas corpus cannot be used to test eligibility for parole. McNally v. Hill, 293 U.S. 131, 140, 55 S. Ct. 24, 79 L.Ed. 238.

＊ We find no error in the action of the trial court in denying the leave to file since the proffered petition for the writ is clearly insufficient. The order of denial of leave to file is affirmed.