BURGESS v. KING, Warden, Medical Center for Federal Prisoners, Springfield, Mo.

No. 12305.

Circuit Court of Appeals, Eighth Circuit.

Oct. 1, 1942.

Rehearing Denied Oct. 23, 1942.

William Burgess, per se, for appellant.

Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order refusing to release appellant from custody after hearing on writ of habeas corpus, and remanding him to the custody of the Warden of the Medical Center for Federal Prisoners, at Springfield, Missouri, where he was confined under two concurrent sentences of twenty and twenty-five years respectively, imposed by the United States District Court for the Eastern District of Kentucky on February 15, 1938. In his petition for habeas corpus, filed February 11, 1942, he alleged, (1) that at the March, 1938, term of the United States District Court for the Eastern District of Kentucky, he was indicted for the crime of bank robbery; that he was adjudged guilty of the charge without a trial by jury, without counsel, and was denied process to have witnesses in his behalf; (2) that he is blind and was blind at the time of the alleged commission of the crime, and that it was physically impossible for him to be guilty of the crime. There were attached to his petition copies of the indictment, judgment and mittimus entitled in the United States District Court for the Eastern District of Kentucky, wherein the United States was designated as plaintiff and William Burgess, Frank Burgess, Edward Henry Scott, Jr., and Sidney Carter were designated as defendants, the indictment charging the defendants therein named with the crime of bank robbery. There was also attached copy of a statement of certain physicians to the effect that they had examined petitioner on October 19, 1937, and again on November 22, 1937, and that petitioner had lost all useful

vision. There was also attached copy of an affidavit by Edward Henry Scott to the effect that petitioner had not participated in the bank robbery with the commission of which he was charged in the indictment, but "He was under the impression that his car was being used for a purely social call." There was also attached copy of an affidavit signed by William Carter, Maud Carter and Robert Carter, to the effect that they were present at the trial of petitioner at Frankfort, Kentucky, when petitioner in open court asked the Judge to postpone the trial, and that when the District Attorney tried to intercede for Mr. Burgess, "The Judge told him to sit down and keep quiet; that he (the judge) was running the court." The trial court caused the writ to issue and appointed counsel to represent the petitioner. At the hearing petitioner was produced in court. He was represented by counsel, testified in his own behalf and offered evidence in the form of two affidavits. These were the affidavits above referred to.

Petitioner having introduced affidavits as to the alleged proceedings had at the time of his trial, the United States District Attorney thereafter secured and produced affidavits of the trial judge, the district attorney, the United States marshal and the clerk, respectively, of the United States District Court in which Burgess was convicted. He also produced the affidavit of the attorney who represented him in the District Court of Kentucky at the time of his conviction. When these affidavits were offered the court inquired of petitioner's attorney whether he objected to the reception of these affidavits, to which inquiry counsel replied:

"Well, your Honor, I have no objection to the reception of these affidavits."

The affidavits were then received in evidence and read to and considered by the court.

Having heard the evidence, the court found that the petitioner had a full and fair hearing before the District Court of Kentucky; that he was asked if he desired to have counsel appointed and he said he did so desire; that counsel was appointed to represent him and the counsel so appointed consulted with him and on the succeeding day after his appointment, after consultation, at the instance of the petitioner entered a plea of guilty; that the allegations of the petition reflecting upon the trial judge and others in the court at the time of the plea of guilty were untrue; that the trial judge did not say to the United States Attorney, as alleged in the petition, "Sit down, I am running this court," nor did the trial judge say anything to that effect. The court thereupon entered its order denying the petition for writ of habeas corpus and remanding petitioner to the custody of respondent.

█ The record does not contain the evidence produced before the lower court, and hence, we must presume that the findings were sustained by the evidence. It is, however, contended that the evidence offered was not competent because in the form of affidavits. Petitioner not only took the witness stand himself, but he produced and offered in evidence certain affidavits in support of the allegations of his petition. In response to these affidavits which challenged the regularity of the proceedings had which culminated in the conviction of the petitioner, and charged misconduct on the part of the judge conducting the trial, there were offered in evidence affidavits of the trial judge, the United States marshal, the clerk of the District Court, and of the attorney appointed to represent petitioner. The lower court heard the petitioner's oral testimony and heard read the various affidavits offered. Habeas corpus is in its nature a civil rather than a criminal proceeding, even though invoked in behalf of one charged with or convicted of crime. Fisher v. Baker, 203 U.S. 174, 27 S.Ct. 135, 51 L.Ed. 142, 7 Ann.Cas. 1018; Cross v. Burke, 146 U.S. 82, 13 S.Ct. 22, 36 L.Ed. 896; Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L. Ed. 458. The constitutional right of an accused to be confronted with the witnesses against him is applicable only to criminal proceedings, and hence, it can not be claimed that the petitioner had the right of confrontation. These ex parte affidavits were clearly objectionable as hearsay, had that objection been interposed. Petitioner was represented by counsel who offered affidavits in support of the allegations of his client's petition and who not only did not object to the offer in evidence of the affidavits proffered on behalf of respondent, but affirmatively consented to their admission. His own words were: "I have no objection to the reception of these affidavits." Even the right of confrontation

is one that may be waived, as may also the objection that the evidence offered is hearsay. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann. Cas.1913C, 1138; Opp Cotton Mills, Inc., v. Administrator, 312 U.S. 126, 657, 61 S.Ct. 524, 85 L.Ed. 624.

The Supreme Court, in Diaz v. United States, supra [223 U.S. 442, 32 S.Ct. 252, 56 L.Ed. 500], which was a criminal case, in considering a somewhat similar question, among other things, said:

"True, the testimony could not have been admitted without the consent of the accused, first, because it was within the rule against hearsay, and, second, because the accused was entitled to meet the witnesses face to face. But it was not admitted without his consent, but at his request, for it was he who offered it in evidence. So, of the fact that it was hearsay, it suffices to observe that when evidence of that character is admitted without objection, it is to be considered and given its natural probative effect as if it were in law admissible."

In Opp Cotton Mills v. Administrator, supra, it was urged that the record contained no evidence supporting the findings because the evidence in the record was not competent. The court said [312 U.S. 126, 657, 61 S.Ct. 537, 85 L.Ed. 624]:

"Further the documents in question were received in evidence without objection. And even in a court of law if evidence of this character is admitted without objection it is to be considered and must be accorded 'its natural probative effect as if it were in law admissible.'"

Petitioner can not here for the first time complain of the admission of this testimony. Had he made timely objection and such objection had been sustained, respondent might then have produced other unobjectionable evidence. No objection having been made to the admission of the evidence, the trial court had no opportunity of passing upon its competency. The court, not having been asked for a ruling, can not be charged with error in receiving this evidence. The procedure in the trial court gave the petitioner a full and fair hearing, at which he was represented by counsel. No prejudicial error is shown by this record, and the order appealed from is therefore affirmed.