JUAN VÁZQUEZ SUÁREZ, Petitioner and Appellant, v. FÉLIX R. RIVERA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 9964. Argued April 20, 1949.—Decided April 28, 1949.

Santos P. Amadeo, Benjamín Rodríguez Ramón, L. Marrero Ledesma, A. Alvarez Linares, and Nellie Ortiz Torres, for appellant. J. Rivera Barreras, Prosecuting Attorney, for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Juan Vázquez Suárez has appealed to this Court from the judgment rendered by the District Court of San Juan denying his petition for a writ of habeas corpus.[1] The prosecuting attorney moves for the dismissal of the appeal on the ground that no internal revenue stamp was canceled on the notice of appeal as required by Act No. 17 of March 11, 1915 (Sess. Laws, p. 44) (Code of Civil Procedure, 1933 ed., p. 293). Said Act regulates the collection of fees and

---

[1] The petitioner was charged in the District Court of Bayamón with the crime of murder in the first degree, convicted of voluntary homicide, and sentenced to serve from eight to ten years' imprisonment in the penitentiary. On appeal, we affirmed the judgment thus rendered. *People v. Vázquez*, 68 P.R.R. 62. The present petition was filed with reference to the sentence imposed.

costs in civil causes in the district and municipal courts and provides in its § 2 that on every notice of appeal in extraordinary proceedings there shall be canceled $2 in internal revenue stamps and in its § 6 that each and every document or instrument required by this Act to bear internal revenue stamps shall be null and void unless said stamps be attached thereto.

 Habeas corpus is an extraordinary and privileged proceeding of a civil nature, no matter that the original case giving rise to its presentation has been criminal, as in the instant case. *Re Frederich*, 149 U. S. 70; *Parnsworth* v. *Montana*, 129 U. S. 104; *Kurtz* v. *Moffit*, 115 U. S. 487; *Re Tom Tong*, 108 U. S. 556; *Ex Parte Lastra*, 56 P.R.R. 534; *Arroyo* v. *People*, 41 P.R.R. 727. Consequently, Act No. 17, *supra*, is prima facie applicable to the case before us.

 The right of appeal is purely statutory and does not exist as a matter of right nor when there is no statute authorizing it. *Santiago* v. *Municipal Assembly*, 57 P.R.R. 118; *Ex parte Rivera*, 53 P.R.R. 382; *Treasurer of P. R.* v. *Banco Comercial*, 44 P.R.R. 767; *Cabassa* v. *Bravo*, 21 P.R.R. 173. This being so, in order that this Court should acquire jurisdiction to entertain the appeal taken by a party it is necessary for said party to comply strictly with the general provisions of the laws regulating appeals. The cancellation of the $2-internal revenue stamp, is one of the requirements prescribed by the Act and the noncompliance therewith renders the notice of appeal void and deprives this Court of jurisdiction. *Piñas* v. *Court*, 61 P.R.R. 176; *Figueroa* v. *Santiago et al.*, 38 P.R.R. 462; *Delgado et al.* v. *Cárdenas*, 34 P.R.R. 233; *Paz* v. *Bonet*, 30 P.R.R. 860; and *Nazario* v. *Santos, Municipal Judge*, 27 P.R.R. 83. There is no contention that the petitioner is litigating *in forma pauperis*.[2] On

---

[2] See § 7 of Act No. 17 of 1915, *supra*, § 5 of the Act of March 10, 1904 (Revised Statutes of 1911, § 1281; *Padilla* v. *García*, 61 P.R.R. 710 and *Aguilú* v. *Olivieri*, 33 P.R.R. 598.

the contrary, the record shows that when the petitioner filed the original petition in the lower court he canceled the stamps required by the Act.

Perhaps it could be argued that inasmuch as our Organic Act in its § 48 provides "That the Supreme and District Courts of Porto Rico and the respective judges thereof may grant writs of *habeas corpus* in all cases in which the same are grantable by the judges of the District Court of the United States, . . ." and in its § 2 provides "That the privilege of the writ of *habeas corpus* shall not be suspended, unless when in case of rebellion, insurrection, or invasion the public safety may require it . . ." to require, in a case such as the present one that internal revenue stamps be canceled is tantamount to curtailing or suspending the right to exercise the writ of habeas corpus. There is no such thing. Here we are not dealing with the exercise of the right to petition the writ, but with the appeal taken against the judgment denying it. The right of appeal as we have already stated, is purely statutory and does not form part of the due process of law. *De Pauw University* v. *Brunk*, 53 Fed. 2d 647, 652; *Mc-Cue* v. *Commonwealth*, 49 S. W. 623, 631, 103 Va. 870; *Ex parte Williams*, 139 S. W. 2d 485, certiorari denied in *Williams* v. *Golden*, 311 U. S. 675, 85 L. ed. 434. The more so when during several years the right to appeal in criminal causes did not exist in the federal system. *Heike* v. *United States*, 217 U. S. 423, 428. Our Code of Criminal Procedure as originally approved—§§ 469 to 500—did not authorize any appeal from a judgment rendered in a habeas corpus proceeding. It was in 1903 (Laws of that year, p. 102) that such appeal was authorized. However, even if we were dealing with the right to apply for a writ of habeas corpus, to require the cancellation of internal revenue stamps would not impair the exercise of such right, since the very Congress of the United States requires that such fees be paid upon filing a petition of such kind. See United States Code, tit. 28, chapter 123, § 1914. On the other hand, similarly as hap-

pens in the Federal courts, the indigent citizen who complies with the other provisions of the law, is permitted to litigate *in forma pauperis*, both when filing his application and when appealing to this Court. See United States Code, tit. 28, chapter 153, § 2250; § 7 of Act No. 17 of 1915, *supra*, and § 5 of Act of March 10, 1904 (Revised Statutes of 1911, § 1281).

Consequently, to require the cancellation of internal revenue stamps on the notice of appeal does not curtail any right, suspend the exercise of such right or violate any provision of our Organic Act.

Since the petitioner has failed to cancel the corresponding internal revenue stamps on his notice of appeal, the same is void and this Court has not acquired jurisdiction; hence, the motion of the prosecuting attorney should be granted, and the appeal dismissed.[3]

---

[3] As the doctrine of res judicata is not applicable to habeas corpus proceedings, —*Ramos* v. *Rivera,* 68 P.R.R. 509— we are aware of the futility of the conclusion reached by us in this case since there is nothing which precludes the petitioner from filing another petition. However, when this Court lacks jurisdiction the only thing it can do is to so hold.