Jimmy Ray ELLIS, #86893, Petitioner,

v.

The STATE OF OKLAHOMA et al., Respondents.

No. CIV–75–0851–D.

United States District Court, W. D. Oklahoma.

Jan. 9, 1976.

Jimmy Ray Ellis, pro se.

Larry Derryberry, Atty. Gen. by Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a State prisoner who claims that his detention by virtue of the judgment and sentence of the District Court of Oklahoma County, State of Oklahoma in case No. CRF–73–1302 is unlawful because his constitutional rights were violated at his trial when his court-appointed attorney stipulated with the prosecutor concerning the testimony of the medical examiner and the acceptance into evidence of his autopsy report. The court has examined the original record including the transcript of petitioner's trial submitted by the State in support of its Response. It appears therefrom that the petitioner was charged with the murder on May 8, 1973, of Mark Allen Phillips. At his trial, September 4 and 5, 1973, petitioner was represented by two members of the Public Defender's Office. Five witnesses testified to seeing the petitioner shoot the victim. The parties stipulated that if Dr. Bill Crowell were called he would testify that Mark Phillips died as a result of a gun shot wound to the head and that the autopsy report prepared by him could be received in evidence. (Tr. 146, 147.) The petitioner

took the stand in his own defense and admitted the shooting but claimed his gun accidentally discharged when the victim struck his hand. The jury found the petitioner guilty as charged in the Information of the crime of Murder and fixed his punishment at life imprisonment in the state penitentiary. A direct appeal was perfected in the Oklahoma Court of Criminal Appeals which affirmed the judgment and sentence of the trial court on June 13, 1974, in an unpublished Opinion. The petitioner thereafter sought post-conviction relief in the sentencing court which denied his application on August 2, 1974, without an evidentiary hearing. This decision was appealed to the Oklahoma Court of Criminal Appeals which again affirmed the trial court on August 15, 1974. The petitioner then filed a Petition for Writ of Certiorari in the United States Supreme Court which application was denied on November 25, 1974. The respondents concede that the petitioner has exhausted the remedies available to him in the courts of the State of Oklahoma.

■ The petitioner, through his counsel, waived the right to cross-examine and confront the doctor who conducted the autopsy and to object to his report as hearsay. The Sixth Amendment right of confrontation and cross-examination is a right embodied in the Due Process Clause of the Fourteenth Amendment and therefore is applicable in a state criminal trial. *Pointer v. State of Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). It is a right, however, which the accused may lose by consent. *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). He may assert it or waive it. *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1911). Similarly, the objection that the evidence offered is hearsay may be waived. *Diaz v. United States*, supra; *Burgess v. King*, 130 F.2d 761 (C.A. 8 1942).

This waiver may be accomplished by counsel acting in the presence and on behalf of the accused. *Silva v. Klinger*, 355 F.2d 657 (C.A. 9 1966); *Cruzado v. People of Puerto Rico*, 210 F.2d 789 (C.A. 1 1954).

See also *Wilson v. Gray*, 345 F.2d 282 (C.A. 9 1965).

The petitioner's reliance upon the case of *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) is misplaced. There the accused explicitly insisted that he was not pleading guilty and his court-appointed counsel consented to a unique "prima facie" trial whereby the state makes only a "prima facie" showing of guilt and the defense does not offer evidence or cross-examine witnesses. The Supreme Court ruled that the stipulation was tantamount to a guilty plea and under these circumstances an accused's constitutional rights cannot be waived by counsel. However, the rule "that counsel, may, under some conditions, where the circumstances are not 'exceptional, preclude the accused from asserting constitutional claims . . .'" as previously announced in *Henry v. Mississippi*, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1964) was clearly re-affirmed.

■ It is obvious that counsel's decision to bypass cross-examination of the doctor who conducted the autopsy was an integral part of his overall trial strategy. The defense was based upon a claim of accident and there was no real issue concerning the fact of death or cause of death. The doctor was present in court and ready to testify but a detailed recounting of the gruesome details of the autopsy report prepared by him would hardly have served the best interests of the defense. Under the circumstances counsel's decision to minimize jury exposure to this evidence appears to have been wise. In this situation counsel's deliberate choice of trial tactics constituted a waiver binding upon the petitioner. *Henry v. Mississippi*, supra. See also *Weeks v. United States*, 313 F.2d 688 (C.A. 10 1963), cert. denied, 373 U.S. 922, 83 S.Ct. 1523, 10 L.Ed.2d 421.

There are no exceptional circumstances present which preclude the finding of an effective waiver by counsel and there was no denial of fundamental fairness to the petitioner. *Wilson v. Gray*, supra; *Poole v. Fitzharris*, 396 F.2d 544 (C.A. 9 1968). It is well settled that in decisions involving mat-

ters of trial strategy, participation of the accused is not essential and the decision of counsel is binding. *Nelson v. California*, 346 F.2d 73 (C.A. 9 1965); *Eaton v. United States*, 437 F.2d 362 (C.A. 9 1971); *United States v. Rundle*, 285 F.Supp. 625 (E.D.Pa. 1968).

In light of the mass of evidence against him it is ridiculous for the petitioner to suggest that the evidence was insufficient to convict him. In any event, however, such a claim raises no federal constitutional question and cannot be considered in a federal habeas corpus proceeding by a State prisoner. *Sinclair v. Turner*, 447 F.2d 1158 (C.A. 10 1971).

In summary the files and records examined by the court conclusively show that the petitioner had the effective assistance of counsel who waived the petitioner's right of confrontation and cross-examination and petitioner's constitutional rights were in no way infringed in the trial of his case. There are no material facts which require an evidentiary hearing and the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.