## Case No. 1,387.

### In re BICKLEY.

[N. Y. Times, May 11, 1865.]

District Court, S. D. New York. May, 1865.

DISTRICT COURT — JURISDICTION OVER POLITICAL PRISONERS—MANDATE TO MILITARY OFFICER.

[1. The United States district court for the southern district of New York had no jurisdiction to act on the petition of a political prisoner who had been imprisoned in Fort Lafayette, in New York harbor, but who was imprisoned in Fort Warren, in Boston harbor, at the time of filing the petition.]

[2. Such court will not issue a mandate to a major general in charge of a military department to leave his immediate post of service, proceed to a remote one, and return from thence a political prisoner confined by order of the president, in order that such prisoner may be brought within the jurisdiction of the court, and receive the relief which the court can administer.]

[At law. Application of George W. L. Bickley on writ of habeas corpus for discharge from custody. Denied.

BETTS, District Judge. On the submission of the annexed files and documents to me by counsel for the respective parties concerned in the foregoing case, and upon their admission that the facts and circumstances connected with the matter thus brought to the attention of the court are truly set forth,—that is to say that the before-named George W. L. Bickley, being a citizen of the state of Ohio, and a citizen and resident of Cincinnati, in said

state, for twelve years last past, was arrested at the city of Louisville, in the state of Kentucky, on the 18th day of July, 1863, and by order of the president of the United States, and by order of the secretary of war, was removed, as a state or political prisoner, to Fort Lafayette, in the harbor of New York, about March 20th, 1864, whence he was removed March 14th, 1865, in charge of Major-Gen. John A. Dix, as military commandant of the eastern military department of the United States, by order of the secretary of war to Fort Warren, situated in the harbor of Boston, in the state of Massachusetts, and in the same military department of the east, and is there held and confined, and was so held and confined at the time the order made by the court, on the application of the petitioner in this matter, was served upon the respondent,—upon those facts the respondent (Maj.-Gen. Dix) excepts to the jurisdiction of this court over the case so prosecuted for relief in this court. Other objections have also been taken, on the part of counsel for the respondent, to the legality of the claim of the petitioner that said Bickley be discharged, by means of these proceedings from his imprisonment, which have been discussed by counsel on both sides; but it being considered by the court that the exception taken to the jurisdiction of this court is well taken by the respondent and conclusive against this application and the relief prayed thereupon, I shall pass other points of objection to the maintenance of the present petition and motion, on part of the applicant, without detailed consideration thereof.

The leading feature in the constitution of circuit and district courts in the United States system of jurisprudence is that each court is strictly limited in its capacity and field of action. They exercise little or no inherent or incidental power beyond that of a police or self-protective character, and they possess very rarely any positive or affirmative authority not bestowed upon them by express appointment of law. Border courts in adjoining states, endowed with exactly like functions by statute, cannot interchange or exercise that common authority conferred independently upon each, across the separating line, without an enactment of positive law enabling either to act outside its special lines of demarcation, any more than if the sister states were foreign nationalities to each other. The federal courts established in Vermont have per se, in their constitutional structure and organization, no authority to enforce any description of legal process—monition, subpoena, summons, mandate or other form of control in the way of command or restraint, within the state jurisdiction of New Hampshire, unless a right to exercise such authority be specially conceded by public assent, and grant of the state to which such process is directed, or from particular appointment by act of congress. Ex parte Graham, [Case No. 5,658.] This matter and

the whole procedure on behalf of the prisoner assumes that the arrest and imprisonment of the prisoner was lawful in point of form and substance, and that he can be released therefrom only in accordance with the provisions of the act of congress of March 3rd, 1863, [12 Stat. 755, c. 81. § 1,] on the intervention of a remitting power in the president.

The application to this court is founded manifestly upon the understanding that the prisoner is in actual confinement within the southern district of New York, and for that reason he must obtain his discharge from the interposition of one of the United States courts of this district, as the tribunal which alone can have cognizance of the case, coupled with power to give the remedy which such facts might authorize. The petition avers that the prisoner was arrested at Louisville, Ky., July 18th, 1863, and removed, by order of the president and secretary of war, as a state or political prisoner, to Fort Lafayette March 20th, 1864, "and ever since has been, and is still, held therein as such prisoner." The written issue formed between the petition, and the answer and plea of the respondent, and the facts admitted by counsel, on the hearing, to exist in the case, prove that the prisoner was actually transferred, by order of the secretary of war, from Fort Lafayette, in this district, to Fort Warren, in Massachusetts district, and there imprisoned and confined by order of the secretary of war, and has continued under that confinement since that period. That removal of the prisoner, it is admitted, was with due authority of law, and was perfected previous to the present application being made to this court for the release of the prisoner. It was carried into effect by the express order of the secretary of war, under charge of Gen. Dix as military commandant of the eastern department, which includes both Fort Lafayette and Fort Warren. Gen. Dix personally resides in the city of New York, but is not resident keeper of either fort, and is not otherwise the commander of either than holding both within the compass of his general command of the eastern military department, embracing New York, with the New England states and state of New Jersey.

The gravamen of the wrong alleged to have been received by the prisoner, and which he claims to be protected against and have redressed by the arm and power of the civil law, is his false imprisonment and unlawful detention in confinement in Fort Lafayette, in this state and district. This demand rests upon the assumption that the prisoner, in that manner, is entitled to have administered in this court the like relief to him against illegal acts and doings committed on him through the agency of Gen. Dix within the sphere of his (Gen. Dix's) military authority, in any and every other tribunal of justice comprehended within that command,

and that consequently there is no severance or independency of remedies which must be sought for and obtained at diverse and distinct localities, according to the residences of the parties sustaining or inflicting the injuries complained of, or in the jurisdictional competency of the judicatory appealed to for relief. Without regarding the inaccuracy of the petition in this case, stating that the prisoner was then held in confinement in this district on the presentation for his discharge on the 18th of March, 1865, when, upon the proofs, he had been transferred from Fort Lafayette, and imprisoned in Fort Warren on the 14th of March previously, or other statements variant from the actual or legal effect of the proofs in relation to the connection of Gen. Dix with the custody of the prisoner, to be vital or material in point of pleading or on the merits of the petition, it is plain that the gist of the application is that the court is prayed to interpose its judicial powers to release him from his confinement in prison on the commitment complained of, and made by order of the president and secretary of war, and that the essential inquiry is whether, on the merits, and regardless of informalities of procedure in this application, this court can entertain jurisdiction of that matter. The prisoner did not manifest, to any court or judge of this district, any desire to be brought before such court or judge to be discharged from imprisonment, or give proof that notice of the fact of his confinement ever reached a judge or court before the presentation of this petition to this court.

The specific remedy and relief prayed for in the petition is that the judge shall order said G. W. L. Bickley's discharge from imprisonment as such alleged state or political prisoner, and, upon the allegations in the petition, that relief was unquestionably the appropriate and only one personal to him. The penalty upon any officer of the United States for refusing to execute the order of the court, in that respect, imposed by the statute, is not allotted to the prisoner in his recompense. The only effective relief to the prisoner provided by the statute is opening the prison gate by order of the court or judge, and setting him free from his confinement, and that can only be done judicially by a court possessing jurisdiction and power competent to displace all opposition and resistance. The civil authority in that emergency supplants, by right, the military, and the mandate of the court of the United States would also supersede and suppress all local authority in the state of Massachusetts over prisoners confined in her prisons, and discharged therefrom by a jurisdictional order and judgment of a national tribunal in New York. Until such force and operation to foreign process is plainly appointed by a law of congress, or freely conceded by the state of Massachusetts, I cannot adjudge that this court is competent to give the re-

lief asked for, and compel the discharge of the prisoner from Fort Warren, and I accordingly hold that it has no jurisdiction in the matter of this application. A decree to the like import was made in this court in Re Blum, [Case No. 1,572,] on facts of similar character.

There is a manifest incongruity, at a time of flagrant war, for a civil tribunal to issue a mandate to a major-general in charge of a military department, coercing him to leave his immediate post of service and command in which he is placed by the president, and depart to a different and remote one, and return from thence a prisoner confined thereat by order of the commander-in-chief, with a view to replace such prisoner within the official cognizance of the judicial jurisdiction of the district in which his commitment was first made, that the prisoner may there receive the advantage of such relief as the local courts may be qualified to administer to him personally. It seems to me this would lead to a grave intermingling of judicial assumption toward the direction of the war power by the president in the field, and in the actual employment of the military in the service to which they are assigned by express authority of the commander-in-chief.

I am not aware of any power conferred by law on any judge or court to thus transcend and supersede, revoke or vary, the commands of the commander-in-chief to an officer of the army in respect to military services in time of war, and am not disposed to inaugurate a precedent of that character by venturing an order, as judge within this district, that Gen. Dix proceed from his post in New York to Boston, and return the prisoner, Bickley, personally from Fort Warren to Fort Lafayette, here to await and fulfill some judicial order of the court here to be applied for upon the matter proposed to be investigated in respect to his imprisonment. I perceive no further authority to grant the mandate asked in controlling the conduct of Gen. Dix in relation to the imprisonment of Bickley at Fort Warren, or his removal thence to Fort Lafayette, than to give a like order to govern his conduct, provided the petitioner was imprisoned at Halifax. The petition and application on the part of G. W. L. Bickley, the prisoner, is therefore denied by this court.