## Ex parte YEE HICK HO.

District Court, N. D. California, S. D. June 24, 1929.

### No. 20029.

George A. McGowan, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., for Commissioner of Immigration.

KERRIGAN, District Judge. This petition for a writ of habeas corpus is filed on behalf of a Chinese woman, Yee Hick Ho, by her brother, Yee Suey Gong. The petition shows that Yee Hick Ho had been denied admission to the United States by the Board of Special Inquiry on the ground that her relationship to her alleged father, a native-born citizen of the United States, had not been established, and that this decision was confirmed by the Board of Review of the Department of Labor on June 21, 1929; notice of this affirmance being transmitted by telegram to San Francisco. Petitioner, her brother, thereupon telegraphed the Department of Labor requesting one week's stay of execution, in order to permit his accompanying her to China, which request was denied, and Yee Hick Ho was then placed aboard the steamship President McKinley of the Dollar Line, sailing on that very day, June 21, 1929. The vessel sailed, and is due to arrive at Honolulu on June 27, 1929. Petitioner offers to pay the expense of returning Yee Hick Ho to this port to the Robert Dollar Steamship Company, and prays that a writ of habeas corpus issue, directed to John D. Nagle, Commissioner of Immigration for the port of San Francisco. The proposed order to show cause, submitted with the petition, also contains a direction to the agent of the Dollar Steamship Company, upon receipt of the cost of transportation and necessary cable expenses, to telegraph to Honolulu, directing that Yee Hick Ho be there transshipped for return to the port of San Francisco.

It is unnecessary to consider the grounds for relief on the merits set forth in the petition, as I am satisfied that this court is without jurisdiction to issue a writ of habeas corpus in this case.

The District Courts of the United States have no power or authority to issue a writ of habeas corpus to be sent out of their respective jurisdictions. Ex parte Gouyet (D. C.) 175 F. 230. The custody sought to be inquired into must be within the Northern District of California in this case; i. e., I must be able to find that such custody is in the Commissioner of Immigration for the port of San Francisco. In U. S. ex rel. Nazaretian v. Tod (D. C.) 291 F. 665, Judge Hand had occasion to consider the question as to whether, after delivery of an alien to the master of a ship for deportation, the immigration officer had any custody of that alien, and, in a very well-reasoned opinion, determined that he had relinquished such custody upon delivery of the alien to the master. He holds that the master of the vessel is the person to whom the writ must be directed. Taking these two principles in conjunction, it becomes clear that in this case the remedy is by application for a writ against the master of the steamship President McKinley, and that such application cannot be entertained by this court, as the vessel is not within this jurisdiction, but may be made at Honolulu on the arrival of the vessel there. This was the practice followed in Ex parte Domenici (D. C.) 8 F.(2d) 366, where a writ was issued by the District Court for Massachusetts, directed to the master of a vessel, which had called at Boston after leaving New York for Italy, to which country the alien had been ordered deported by the immigration authorities at New York.

The petition for a writ of habeas corpus is denied, and the petition is dismissed.