**HOEPPEL v. STREET, Director of Public Welfare, et al.**

No. 1867.

District Court of the United States for the District of Columbia.

Jan. 12, 1937.

John J. McGinnis, of Washington, D. C., for petitioner.

Elwood Seal, Corp. Counsel, and Matt Mahorner, Jr., Asst. Corp. Counsel, both of Washington, D. C., for respondent Elwood Street.

Leslie C. Garnett, U. S. Atty., and Allen J. Krouse, Asst. U. S. Atty., both of Washington, D. C., for respondent Barnard.

ADKINS, Justice.

The petition for writ of habeas corpus alleges that petitioner was sentenced by this court to a term of four months to one year, which sentence he is now serving "in a penal institution for the District of Columbia in charge of and under the jurisdiction of" respondents. It is claimed that the detention is invalid because one of the petit jurors was incompetent because not a resident of the District of Columbia, the evidence of nonresidence being alleged to be discovered too late to be availed of on motion for new trial.

The respondent, the Superintendent of Penal Institutions, moves to quash the writ because petitioner is not confined within the District of Columbia and because the petition does not state a prima facie case. Respondent's supporting affidavit states that petitioner has been in his custody since November 26, 1936, in the state of Virginia, where he is confined in the Workhouse at Occoquan, and that at no time since that date has petitioner been in his custody in the District of Columbia.

In my judgment the motion to quash should be granted on both grounds.

1. In order to give this court jurisdiction, the confinement should be in the District of Columbia. In the unreported case of George Dodson, Habeas Corpus 1719, petitioner was confined in the Reformatory at Lorton, Virginia; the petition was dismissed for the reason that this court had no jurisdiction. The decision is in accord with the opinion of the Court of Appeals in McGowan v. Moody, 22 App.D.C. 148, 149, and the cases of Ex parte Gouyet (D.C.) 175 F. 230; Ex parte Yee Hick Ho (D.C.) 33 F.(2d) 360; and United States ex rel. Belardi v. Day (C.C.A.) 50 F.(2d) 816.

2. The nonresidence of a trial juror does not render a conviction void nor entitle the accused to be discharged on habeas corpus. Kohl v. Lelhback, 160 U.S. 293, 299, 16 S.Ct. 304, 40 L.Ed. 432; United States v. Rosenstein (C.C.A.) 34 F.(2d) 630, 634.