HAUCK v. HIATT, Warden, U. S. Penitentiary, Lewisburg, Pa., et al.

District Court, W. D. South Carolina.

July 2, 1943.

No appearances.

WYCHE, District Judge.

This is an application for writ of habeas corpus to inquire into the cause of the imprisonment of the petitioner, who is now confined in the United States Penitentiary at Lewisburg, Pennsylvania, under sentence by me as Presiding Judge of the United States District Court for the Eastern District of South Carolina, in the Florence Division, on December 6, 1940, to a term of five years, upon his conviction of the violation of a federal statute.

Petitioner alleges that one-third of such sentence expired on August 5, 1942; that during the service of twenty months of his sentence up to that time he faithfully performed all of the duties assigned to him, and was not guilty of the violation of any of the institution's rules or regulations; that he was convicted along with, and mainly upon the testimony of Robert Brewer; that on or about the 15th day of March, 1941, Robert Brewer informed the petitioner that he wished to make a confession absolving the petitioner of all connection with the crime; that he was involved himself, had plead guilty, that he had wrongfully accused the petitioner due to a promise of a suspended sentence, or not more than one year and one day, by the United States District Attorney, if he, Brewer, would help in the petitioner's prosecution and conviction; that said confession was made in the presence of the warden of the institution in which he is confined; and that on the date above mentioned, by reason of these and other facts alleged in his petition, he became eligible for parole under the terms as set forth in Section 714 and 716, 18 U.S.C.A.; that he made application for parole in strict compliance with law, and that his application for parole was denied by the United States Board of Parole; and, he contends that the vesting in the Parole Board of discretion does not grant to that Board the right to refuse to exercise that discretion when the conditions prescribed by the statute have been complied with; and that the court of original jurisdiction is now the only court of competent jurisdiction to hear the petition, and determine the questions involved therein.

 It is the duty of the district court to be sure that jurisdiction exists before deciding other questions. Sadler v. Pennsylvania Refining Co., D.C., 31 F.Supp. 1.

Section 452, 28 U.S.C.A. provides, "The several justices of the Supreme Court and the several judges of the circuit courts of appeal and of the district courts, *within their respective jurisdictions,* shall have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty."

"Within their respective jurisdictions" has reference to the territorial jurisdiction. Ex parte Kenyon, C.C.Ark.1878, 14 Fed.Cas., page 353, No. 7,720, 5 Dill. 385. And, it is well settled that a District Court has no power to issue a writ of habeas corpus, to be executed outside of the territorial jurisdiction of the district. United States v. Day, 3 Cir., 50 F.2d 816. The petition shows that the petitioner is confined in a federal penitentiary beyond the territorial limits of the District Court for the Western District of South Carolina. I, therefore, have no power to issue the writ, and the petition therefor is accordingly denied.