**FIEDLER v. SHUTTLEWORTH.**

No. 123.

District Court, W. D. Pennsylvania.

Nov. 8, 1944.

Walter M. Nelson, of Detroit, Mich., for plaintiff.

Chas. F. Uhl, U. S. Atty., and Edward Boyle, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

The plaintiff is now confined in the United States Reformatory at Milan, in the State of Michigan. He was sentenced by this court to pay a fine of $5,000 and to undergo imprisonment for a period of ten years on an indictment returned into this court, which charged him with sedition in violation of Section 33, 50 U.S.C.A.

The plaintiff pleaded guilty to this indictment. He was represented in court by counsel. He alleged in his petition for this writ that the facts set forth in the indictment did not constitute sedition, in view of the opinion of the United States Supreme Court in the case of Hartzel v. United States, 322 U.S. 680, 64 S.Ct. 1233, 88 L.Ed. ——.

We are of the opinion that we have no jurisdiction in this case to issue a writ of habeas corpus which will run outside the territorial jurisdiction of this court. Section 452 of Title 28 of the United States Code Annotated provides: "Power of judges * * *. The several justices of the Supreme Court and the several judges of the circuit courts of appeal and of the district courts, within their respective jurisdictions, shall have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty. * * * The order of the circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is ·had."

It is the general rule that a writ of habeas corpus does not run outside the district in which it issued. In re Bickley, 3 Fed. Cas. No. 1387, p. 332; Ex parte Gouyet, D.C., 175 F. 230; Ex parte Yee Hick Ho, D.C., 33 F.2d 360; United States ex rel. Harrington v. Schlotfeldt, 7 Cir., 136 F.2d 935; Hauck v. Hiatt, Warden, United States Penitentiary, et al., D.C., 50 F.Supp. 534.; In re Boles, 8 Cir., 48 F. 75;

United States ex rel. Belardi v. Day, 3 Cir., 50 F.2d 816.

In the case of United States ex rel. Belardi v. Day, 50 F.2d 816, 817, the Circuit Court of this Circuit, Judge Woolley in his opinion stated: "Therefore we hold that the judge of the District Court for the District of New Jersey had no power to issue the writ of habeas corpus prayed for in this case, to be executed outside of the territorial jurisdiction of his court. * * * The writ was unlawfully issued."

Counsel for the plaintiff has stated that the District Court of Michigan has refused to take jurisdiction in cases like the present one. But that is no reason for our exercise of jurisdiction, for the statute gives no authority to us to act in the premises. It may be that the Circuit Court of Appeals that has jurisdiction over the District of Michigan might have jurisdiction in this case, and possibly the Supreme Court of the United States might have jurisdiction. But certainly there is no jurisdiction in this court.

The plaintiff's petition for a writ of habeas corpus will be denied, as well as his supplementary petition to bring him into this court for the purpose of testifying.

An order will be submitted accordingly.