**UNITED STATES of America, Plaintiff,**

v.

**Douglas Eugene KEMP, Defendant.**

**Crim. A. No. 4439.**

United States District Court
W. D. Arkansas,
Texarkana Division.

May 24, 1962.

No appearance, for plaintiff.

Douglas Eugene Kemp, in pro. per.

JOHN E. MILLER, Chief Judge.

On May 19, 1962, the Judge of this court received a communication from the defendant in which he stated that he desired to file, under Title 18(28) U.S. C. § 2255, as forma pauperis a petition for writ of habeas corpus, upon the following grounds:

"(1) On or about 19th day of March 1962 petitioner was unjustly confined by a member of the staff in this institution.

"(2) On the 7th, 9th, 13th day of April 1962 petitioner was slander [slandered] for no known reason to petitioner.

"(3) On or about the 15th day of April 1962 petitioner was again unjustly confined because of pruejuiness [prejudice].

"(4) On this date 7th day of May petitioner was again slander [slandered] and unjustly confined.

"(There have been many threats to petitioner if he was to file this writ. Petitioner has wittiness to everything said).

"(5) Theif [theft] of a legal papper [paper].

"Petitioner respectfully prays that the hounorable and just court will see fit to aknowlege this as a petition for writ of habeas corpus."

Upon receipt of the letter the court directed the Clerk to file the same without prepayment of costs as a petition for a writ of habeas corpus.

■ It is apparent that the defendant intended to file a petition under 28 U.S.C. § 2255, although he stated that it was being filed under 18 U.S.C. § 2255.

Sec. 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

On May 9, 1960, the defendant appeared before the court upon a charge of juvenile delinquency. He advised the court that he did not desire the assistance of counsel, and consented in writing to be prosecuted as a juvenile. Accordingly information was filed charging:

"That on or about May 2, 1960, in the Western District of Arkansas, Douglas Eugene Kemp, a juvenile under the age of 18 years, violated the terms of the Federal Juvenile Delinquency Act in that he did unlawfully forge the name of the payee on a certain Treasury check, to-wit: U. S. Treasury check No. 8,572,121, dated April 30, 1960, at St. Louis, Missouri, payable to C. C. Kemp, Lowrey Lane, Rt. 3, Box 23C, Hot Springs, Arkansas, for $157.20, drawn by E. L. Hlinski under symbol 9008; and did utter said check heretofore described to the Norman Grocery in Pearcy, Arkansas, knowing the same to have been forged in violation of 18 U.S.C. 5031–5034."

Upon arraignment the defendant entered a plea of guilty, and the court found him guilty of juvenile delinquency.

On June 7, 1960, after receiving a comprehensive report of the Probation Officer, the defendant was sentenced to three years imprisonment in an institution of a training school type. Commitment was issued and he was delivered to the Federal Reformatory at El Reno, Oklahoma. Later he was transferred from the Reformatory to the Federal Correctional Institution at Texarkana, Texas, where he is presently confined.

It will be noted from the petition that the defendant does not question the jurisdiction of the court to have imposed the sentence on June 7, 1960; or that the sentence imposed was not within the limits authorized by law; or that the sentence imposed was in violation of his constitutional rights. In Johnston v. United States, 254 F.2d 239 (8 Cir.1958), the court at page 241 said:

"A motion to vacate judgment under Title 28 U.S.C.A. § 2255 must challenge the jurisdiction of the court, or must charge that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. Lipscomb v. United States, 8 Cir., 226 F.2d 812, certiorari denied 350 U.S. 971, 76 S.Ct.

445, 100 L.Ed. 843, rehearing denied 350 U.S. 1003, 76 S.Ct. 550, 100 L. Ed. 866; Johnson v. United States, 5 Cir., 213 F.2d 492; Bloombaum v. United States, 4 Cir., 211 F.2d 944.

"It is clear from the motion filed by appellant and the files and records of the case that the court was vested with jurisdiction; the sentence imposed was within the limits authorized by law; there was no denial of appellant's constitutional rights, and no infirmities appear therefrom which would render the judgment vulnerable to collateral attack under Title 28 U.S.C.A. § 2255; that inasmuch as the motion and the files and records conclusively show that appellant is entitled to no relief, the district court properly denied a hearing on the motion."

Therefore, the court is not entitled under 28 U.S.C. § 2255, to grant the defendant relief against the conditions set forth in his petition.

■ As heretofore stated, the defendant is presently confined in the Federal Correctional Institution at Texarkana, Texas, and if he is entitled to any relief, it must be obtained upon application to a court of competent jurisdiction. Title 28 U.S.C. § 2241(a), provides:

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had."

In Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898, the court at page 190 of 335 U.S., at page 1444 of 68 S.Ct. said:

"The question at the threshold of the case is whether the words 'within their respective jurisdictions' limit the district courts to inquiries into the causes of restraints of liberty of those confined or restrained within the territorial jurisdictions of those courts. There are few cases on all fours with the present one, the precise question not having frequently arisen in the lower federal courts. But the general view is that their jurisdiction is so confined. McGowan v. Moody, 22 App.D.C. 148, 158 et seq.; In re Bickley, 3 Fed.Cas. 332. And see In re Boles, [8 Cir.] 48 F. 75; Ex parte Gouyet, [D.C.] 175 F. 230, 233; United States [ex rel. Belardi] v. Day, [3 Cir.] 50 F.2d 816, 817; Jones v. Biddle, [8 Cir.] 131 F.2d 853, 854; United States [ex rel. Harrington] v. Schlotfeldt, [7 Cir.] 136 F.2d 935, 940. Cf. Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717; Tippitt v. Wood, 78 U.S.App. D.C. 332, 140 F.2d 689. That is our view."

Thus, it is apparent that the defendant's remedy, if any, must be sought from the Parole Board or by a writ of habeas corpus from the judge of the jurisdiction within which he is presently confined. Under the facts this court is without jurisdiction to issue a writ of habeas corpus for the reason that the defendant is confined within the territorial jurisdiction of the Eastern District of Texas.

The statute, Sec. 2241, supra, also provides that if a court declines to entertain an application for writ of habeas corpus, that it may transfer the application for hearing and determination to the district court having jurisdiction to entertain it. However, since the contentions of the defendant, as set forth in his petition, are such that this court does not believe that his application should be transferred to the United States District Court for the Eastern District of Texas for the reason that his complaint seems to be based wholly upon his disagreement with the prevailing discipline of the institution in which he is confined, an order is being issued today dismissing the petition of defendant as failing to state any grounds of re-

944

lief under 28 U.S.C. § 2255, and for the further reason that this court is without jurisdiction to issue an order to show cause or to grant the writ of habeas corpus.