**Petition of Raymond Lee BROWN.**
**No. LR–69–C–193.**

United States District Court
E. D. Arkansas, W. D.

Oct. 13, 1969.

Robert M. McHenry, Little Rock, Ark., for petitioner.

Memorandum and Order

HENLEY, Chief Judge.

This Court has recently received from Raymond Lee Brown, confined in the Tarrant County Jail at Forth Worth, Texas, under a sentence of imprisonment in the Texas State Penitentiary for a term of 110 years a petition for a writ of habeas corpus to review his 1964 conviction of a felony in the Circuit Court of Pulaski County, Arkansas.

The Court has a good deal of familiarity with this case and will discuss it in some detail. However, the Court, not without reluctance, has come to the conclusion that it has no jurisdiction to issue the writ in view of petitioner's confinement in Texas and that the petition must be denied.

Petitioner and Carlos A. Satterfield were charged in Pulaski County with possession of burglary tools. The tools were found by members of the Little Rock Police Department in the course of a search of Brown's station wagon after Brown and Satterfield had been arrested on suspicion after officers had received information that they were trying to buy a device that would enable them to listen to police radio conversations.

The two men were tried to a jury in Circuit Court and were represented by court appointed counsel. The jury found them guilty and fixed their punishment at confinement in the Arkansas State Penitentiary for terms of five years each. There was no appeal from that conviction.

In 1965 Brown and Satterfield filed a petition for a writ of habeas corpus in this Court without having applied to the State courts for post conviction relief. They alleged that the search of Brown's vehicle and the seizure of the tools were unlawful, and that the admission of the tools into evidence at the Circuit Court trial amounted to a denial of procedural due process of law.

When the petition was filed, there was some uncertainty as to what post conviction remedies were available to Arkansas convicts in the State court. See Johnson v. Stephens, E.D.Ark., 231 F. Supp. 995. For that reason the Court appointed Messrs. Robert M. McHenry, Jr., and Don Hamilton of the Little Rock Bar, both competent attorneys who had formerly been on the staff of District Judge Gordon E. Young, to represent Brown and Satterfield, and an evidentiary hearing was held.

While the case was still pending, the Supreme Court of Arkansas promulgated its Criminal Procedure Rule 1 which is quite similar to 28 U.S.C.A. § 2255. The

promulgation of that Rule cleared up any uncertainty theretofore existing in Arkansas as to whether a person convicted in the courts of the State had a post conviction remedy in those courts and as to what that remedy was.

On November 8, 1965, the Court filed a memorandum opinion and entered an order denying the petition without prejudice on account of failure on the part of the petitioners to exhaust available State remedies as required by 28 U.S.C. A. § 2254. Brown v. Stephens, E.D. Ark., 246 F.Supp. 1009.

In the course of its opinion the Court expressed serious doubt as to the validity of the warrantless search of the Brown station wagon in view of the decision in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, and in other cases cited by the Court. However, the Court felt that since Rule 1 had been promulgated and since it provided a facially adequate State remedy, Brown and Satterfield should litigate the validity of the search in the State courts under that Rule. There was no appeal from that order.

Perhaps unfortunately, the Court did not request counsel to represent petitioners in connection with the Rule 1 proceeding. Since petitioners had prepared their own petition to be filed in this Court, it was assumed that they would submit an adequate Rule 1 petition to the sentencing court, and that the Circuit Judge would appoint counsel for them as required by the Rule.

The Court heard no more from Brown and Satterfield until they wrote a letter to the Clerk which was referred to the Court for attention on June 24, 1966. In that letter they stated that they had submitted a petition for relief to the Supreme Court of Arkansas on February 15, 1966, but that they had heard nothing from that Court.

Under date of June 24 this Court advised petitioners that they should file their Rule 1 petition with the Circuit Court rather than with the Supreme Court. On June 27, 1966, petitioners wrote to the Court asking for a transcript of the hearing held in this Court in 1965. That application was denied, and the Court suggested again that they invoke their Rule 1 remedy without further delay.

When petitioners committed the alleged violation of Arkansas law which led to their conviction, they were on parole from the Texas State Penitentiary, and the Texas authorities placed detainers against them with the Arkansas penal authorities. In January 1967 petitioners were "paroled to their detainer" and returned to Texas. It appears that they never filed a proper Rule 1 petition in the Circuit Court of Pulaski County.

The Court has never heard anything more from Satterfield and heard nothing from Brown until July 1969 when he wrote another letter to the Clerk. As of that time he was in jail in Fort Worth. On July 8, 1969, the Court wrote petitioner a letter and stated, among other things, that it might still be possible for him to proceed under Rule 1 notwithstanding his release from the Arkansas State Penitentiary. Petitioner was advised of Mr. McHenry's office address, and a copy of the Court's letter was mailed to Mr. McHenry.

The petition now before the Court was submitted on September 12. It alleges that in March of the current year petitioner was convicted of crime in Tarrant County and was sentenced to imprisonment for 110 years as an habitual criminal, and that the Arkansas conviction was a significant factor in the case.[1]

Petitioner alleges that between the date of this Court's decision in Brown v. Stephens, supra, and his return to Texas,

---

1. It is not clear to the Court why petitioner was still in the Tarrant County Jail in July and September if he was convicted and sentenced in March. However, there are possible explanations, and the Court is not concerned with that matter in any event.

he was prevented by Arkansas prison authorities from seeking relief in the State courts under Rule 1. That allegation may or may not be true. A few days after petitioner's case was decided by this Court, the Court handed down its decision in Talley v. Stephens, E.D.Ark., 247 F.Supp. 683, which was a suit for equitable relief under 42 U.S.C.A. § 1983, by a number of Arkansas convicts. Evidence in that case disclosed that it had been the practice of Penitentiary officials to restrict, to some extent at least, communications between inmates, on the one hand, and judges and lawyers, on the other hand. The Court held that that practice must be discontinued. Judging by the stream of communications that this Court has received from Penitentiary inmates since *Talley* was decided, it appears to the Court that its order in *Talley* has been obeyed.[2] However, the Court still receives occasionally a smuggled letter or petition and recently took occasion to repeat its holding and admonition about the right of an inmate to have access to courts and counsel.

That petitioner was denied access to the Arkansas courts in 1966 and 1967 seems doubtful in view of the fact that he and Satterfield were able to correspond twice with this Court in 1966 and by the fact that they seem to have been able to mail a petition to the Supreme Court of Arkansas during the same year. However, the Court cannot say positively that petitioner and his fellow were not denied access to the Circuit Court.

Petitioner further alleges that in June of this year he tendered a petition for a writ of habeas corpus to the Circuit Court but has heard nothing from it; that in July he submitted a petition to the Supreme Court of Arkansas, and that he has been advised by the Clerk of that Court that it is the opinion of the Justices that petitioner has no post conviction remedy in view of the expiration of his Arkansas sentence.

When the Court received instant petition, it called upon Mr. McHenry to look into the matter. Mr. McHenry has advised the Court that he has learned that the Supreme Court of Arkansas will not now review petitioner's original conviction.

In view of the serious doubt in the Court's mind in 1965 as to the validity of the search of petitioner's station wagon, in view of the fact that he now has no State remedy and may have wrongfully been deprived of one following this Court's decision, and in view of the length of his present sentence to which length the Arkansas conviction contributed, the Court is much inclined to entertain the petition, but, as stated, the Court is convinced that it has no jurisdiction.

The right of a federal court to issue the writ of habeas corpus and to entertain collateral attacks on judgments in criminal cases is governed by Chapter 153 of the Federal Judicial Code, 28 U.S.C.A. § 2241 et seq.

■ Section 2241 as originally written provides that the federal courts, including district courts, may issue the writ of habeas corpus "within their respective jurisdictions." And it is well settled that a federal district court has no jurisdiction to entertain a petition for the writ or to issue it if the petitioner is not physically present within the district. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898; United States v. Kemp, W.D.Ark., 204 F. Supp. 941; Wright on United States Courts, § 53, p. 179.

Section 2241 was trivially amended in 1949. There was a broader amendment in 1966 which is applicable to a situation in which a State prisoner has been sentenced by a State court in one federal judicial district and is confined in a State institution in another federal judicial district in the same State. In that situation the petition may be filed in

---

2. In the 31 days that elapsed between August 25 and September 25 the Court received 50 inmate complaints some in the form of handwritten petitions and others in the form of letters.

either district and in an appropriate case the proceeding may be transferred to the other district. That amendment appears as 28 U.S.C.A. § 2241(d).

Unfortunately for petitioner, the 1966 amendment is of no help to him since he is not confined in either the Eastern or the Western District of Arkansas. United States ex rel. Griffin v. LaVallee, Warden, E.D.N.Y., 270 F.Supp. 531.

Regardless of whether it was the fault of the petitioner or the fault of the Arkansas Penitentiary authorities, the situation that has developed in this matter should never have arisen, and petitioner may have suffered irreparable injury. This Court does not know whether the courts of Texas or the federal courts sitting in that State will undertake to review an Arkansas conviction. If they will not, petitioner may be without any remedy.

As required by 28 U.S.C.A. § 2254, this Court respects the jurisdiction of the Circuit Courts in Arkansas and of the Arkansas Supreme Court and requires State prisoners to exhaust their remedies in those courts.

Rule 1 is an adequate remedy on its face, but it requires implementation. It is incumbent upon the Clerks of the Circuit Courts promptly to report the filing of a Rule 1 petition to the Circuit Judge; the Judge must move with diligence to appoint counsel for the petitioner, to hold a hearing, and to make proper findings; and he must protect the appellate rights which the Rule confers. All that a convict can do to help himself is to tender his petition; after that the State officials and counsel must take over.

Candidly, Rule 1 has not worked as well as it should have in a number of cases with which this Court is familiar. In order to insure that it does work, this Court some while back adopted a policy, to which it will adhere, of declining to dismiss a habeas corpus petition for failure to exhaust State remedies until the Court has been satisfactorily assured that a Rule 1 petition will be entertained by the sentencing court, that counsel will be appointed to represent petitioner, and that the petition will be heard. It is hoped that this policy will save other inmates from the plight in which petitioner now finds himself.

In view of what has been said, it is ordered that the petition be filed without charge and docketed. The petition is denied. If petitioner desires to appeal to the United States Court of Appeals for the Eighth Circuit, the Court will permit a notice of appeal to be filed without charge. The notice should be submitted within 30 days from this date.