## *In re* Boles.

### *(Circuit Court of Appeals, Eighth Circuit.* October Term, 1891.)

1. CIRCUIT COURT OF APPEALS—HABEAS CORPUS—EXTRATERRITORIAL JURISDICTION.
  A circuit court of appeals has no jurisdiction, in the absence of a statute expressly authorizing it, to award a writ of *habeas corpus* to be served outside of the circuit for which it sits, to secure the release of a person there held in custody.

2. SAME—APPELLATE JURISDICTION—TERRITORIAL DISTRICT COURTS.
  The court is not authorized to award such writ on the ground that its appellate jurisdiction is invoked therein to revise the decision of the district court of a territory within its circuit under whose process petitioner was confined; for by section 15, Act Cong. March 3, 1891, creating the circuit courts of appeals, their appellate jurisdiction over territorial courts is limited to the supreme courts of the territories.

This is an application for a writ of *habeas corpus* to release from imprisonment one W. H. Boles, who is now, as it is said, confined in the Ohio state penitentiary at Columbus, Ohio, under a sentence imposed by the district court of Logan county, territory of Oklahoma, at its adjourned September term, 1890. The petition for the writ charges that the court before whom the petitioner was tried, convicted, and sentenced for horse-stealing had no jurisdiction of the offense for which he was tried, and that the sentence imposed was for that reason void. It also states in detail the several facts that are supposed to have rendered the proceedings of the district court utterly nugatory and void, but the view that we take of the case renders it unnecessary to recite such facts. A writ is sought against B. F. Dyer, warden of the Ohio state penitentiary, he being the person who now has the petitioner in custody.

*Ira C. Terry*, for petitioner.

*Geo. D. Reynolds*, U. S. Dist. Atty.

Before CALDWELL, HALLETT, and THAYER, JJ.

THAYER, J., *(after stating the facts as above.)* It will be observed that we are asked to award a writ of *habeas corpus* to be served at a place outside of the territorial jurisdiction of this court, for the purpose of securing the release of a person who is there confined, and we are of the opinion that we have no authority to award such a writ. It certainly cannot be maintained that this court has power to release persons who are unlawfully restrained of their liberty in any part of the United States under color of process of a federal court, as the supreme court may do, yet such would be the assertion of jurisdiction on our part, if we granted

a writ in the present instance.    In the absence of any statute expressly authorizing us to issue a writ of *habeas corpus* to run and be executed outside of the circuit, our jurisdiction to release from unlawful imprisonment would seem to be restricted to cases where persons are restrained of their liberty somewhere within the circuit.    *Ex parte Graham*, 3 Wash. C. C. 456.    It was suggested at the hearing, as we understood counsel, that a writ might be awarded in this case to be served outside of the circuit, because the jurisdiction invoked is to revise the decision of the district court of the territory, and is therefore in its nature appellate, and because the appellate jurisdiction of this court extends to the territory of Oklahoma by virtue of the fifteenth section of the act creating circuit courts of appeal, and an order made by the supreme court on May 11, 1891, assigning Oklahoma to this circuit.    The *Yerger Case*, 8 Wall. 86, and other kindred cases, are cited in support of this contention.    It is sufficient to say that the authorities invoked have no application to the facts of this case.    No writ of error or appeal can be prosecuted from the several district courts of the territory of Oklahoma to this court. We have no general supervisory control over the proceedings of those courts, and congress has not seen fit, in express terms, to confer on this court, as upon the supreme court, the power to issue writs of *habeas corpus*.    Our appellate jurisdiction over territorial courts, except in the Indian Territory, is limited to a "review of the judgments, orders, and decrees of the supreme courts of the several territories" assigned to the circuit.    *Vide* section 15, *supra*.    It is an appellate jurisdiction formerly exercised by the supreme court of the United States, but whether it is more or less extensive than the jurisdiction formerly exercised by that court we do not now decide.    For present purposes we only decide that we cannot issue the writ in'question to be served in another circuit, merely because the petitioner is there confined in execution of a sentence imposed by one of the district courts of the territory of Oklahoma.    It was contended on the argument of the application that this court could not grant the writ prayed for, even though petitioner was unlawfully restrained of his liberty within the circuit, because this court has not been authorized by statute to issue writs of *habeas corpus*.    Several well-known authorities are cited in support of this proposition, to-wit, *Ex parte Bollman*, 4 Cranch, 75; *Ex parte Parks*, 93 U. S. 18; *In re Burrus*, 136 U. S. 586, 10 Sup. Ct. Rep. 850; but we carefully refrain from expressing any opinion on this important question until a case arises that requires a decision.    The writ is denied, and the application therefor dismissed.