### UNITED STATES ex rel. LEE FOOK CHEW v. McNEIL, Keeper of Allegheny County Jail.
#### No. 5196.

Circuit Court of Appeals, Third Circuit.

Feb. 23, 1934.

Franklin A. Ammon, of Pittsburgh, Pa., for appellant.

Horatio S. Dumbauld, U. S. Atty., and Zeno Fritz, Asst. U. S. Atty., both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court denying the writ of habeas corpus.

Three indictments were presented against the relator, Lee Fook Chew. One was for manufacturing smoking opium; another was for possessing narcotics; and the third was for shipping narcotics in interstate commerce, all in violation of the laws of the United States.

On March 2, 1933, the relator pleaded guilty to each of the above indictments, and on April 8, 1933, was sentenced to a term of imprisonment of five years in the United States Penitentiary at Leavenworth, Kan., on the first indictment, and on the other two indictments he was sentenced to a term of two years each, to run concurrently with the five-year term for the first indictment. He was committed to the custody of the warden of the Allegheny county jail pending his removal to Leavenworth. No appeal was taken, and, while he was still in the custody of the warden, on April 26, 1933, he filed a petition for a writ of habeas corpus. This was denied, and, as no appeal had been taken from the original judgments or from the order denying the writ of habeas corpus, on May 5, 1933, the relator was removed to the Leavenworth Penitentiary.

On June 21, 1933, more than six weeks after the relator had been taken to Leavenworth, he appealed from the order denying the writ of habeas corpus.

■ The petition for habeas corpus was the first step taken to challenge the correctness of the proceedings in this case. At that time the relator had been indicted and, on a plea of guilty, had been sentenced. His status then was just as it would have been had he been tried, convicted, and sentenced without ever having made an objection or taken an exception anywhere in the proceedings. The plain purpose of this application for writ of habeas corpus was to substitute it for an appeal. All the errors that the relator says were committed at the various stages of these proceedings are such errors, if committed, as would properly be corrected in an appeal and only in an appeal. It is well settled that the writ of habeas corpus cannot serve as an appeal. Braun v. United States (C. C. A.) 16 F.(2d) 118. For this reason it is evident that the relator cannot prevail. But, even if the writ of habeas corpus could serve as an appeal, there is no exception here on which it could be based and for this reason also, he must fail.

■ In any event, the writ of habeas corpus will not be awarded if it appears from the petition that the party is not entitled to it. This appeal rests upon errors alleged to have been committed before the indictment, plea of guilty and sentence, but the record is not before us. We cannot therefore verify these contentions and determine whether or not the relator is entitled to any relief. An examination of what is before us shows that he is not entitled to the relief sought.

■ The relator says that he is not trying to make the writ of error serve as an appeal. If he is not, and we consider the application for the writ on its merits as such, we have no jurisdiction. A supersedeas was not asked for and was accordingly not granted. Consequently the relator was removed from the custody of John McNeil, warden of the Allegheny county jail, in the Western District of Pennsylvania, to the United States Penitentiary at Leavenworth, Kan. He is clearly out of our jurisdiction, and any order that we might make upon Mr. McNeil would be of no effect, and the court will not make an order which it cannot enforce.

The order of the District Court is affirmed.