**UNITED STATES ex rel. CORSETTI v. COMMANDING OFFICER OF CAMP UPTON, U. S. ARMY.**

No. 853.

District Court, E. D. New York.

Feb. 25, 1944.

Abraham Franzblau, of Bradley Beach, N. J., for relator.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

GALSTON, District Judge.

The relator applied to this court for a writ of habeas corpus, praying that the Commanding Officer of Camp Upton, New York, be directed to bring the relator forthwith before the court to be relieved of unlawful detention and imprisonment.

The writ issued on February 8, 1944; but when the United States Marshal arrived at Camp Upton to serve the writ, he ascertained that the relator had been transferred, on February 7, 1944, from Camp Upton, within the jurisdiction of this court, to the 1210th, S. C. S. U. at Fort Ontario, in the Northern District of New York. The return to the writ was thereafter sworn to by David E. Cain, Commanding Officer at Camp Upton, and filed on the 17th of February.

■ Thereupon the attorney for the relator requested permission to file an amended or supplemental petition for what he termed an alias writ, directed to the Commanding Officer at Fort Ontario for the production of the relator in this court. Mindful of the admonition in Holiday v. Johnston, 313 U.S. 342, at page 350, 550, 61 S.Ct. 1015, at page 1017, 85 L.Ed. 1392, that "A petition for habeas corpus ought not to be scrutinized with technical nicety. Even if it is insufficient in substance it may be amended in the interest of justice," the permission sought was granted, and the relator on February 23rd filed a supplemental petition. The issuance of the writ is opposed by the United States Attorney for the Eastern District of New York on the ground that the United States District Court for the Eastern District of New York has no power to issue a writ of habeas corpus directed to a person having custody of the relator outside of the district, though within the State of New York.

■ The relator relies on Rule 4, subdivision (f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, wherein it is stated that "All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held * * *."

Was it intended by that rule that the term "all process" should include the writ

of habeas corpus? "Process" is a term sufficiently broad to include all writs. In re Simon, 2 Cir., 297 F. 942; 28 U.S.C.A. § 721.

See also in re Foster Construction Corporation, D.C., 47 F.2d 276; and 11 U.S.C.A. § 1(8) and § 11(15). Moreover it may be admitted that habeas corpus proceedings are essentially civil in their nature rather than criminal, since they seek to enforce the civil right of personal liberty. 48 U.S.C.A. § 636; Ex parte Tom Tong, 108 U.S. 556, 2 S.Ct. 871, 27 L.Ed. 826; Kurtz v. Moffitt, 115 U.S. 487, 6 S.Ct. 148, 29 L.Ed. 458; Cross v. Burke, 146 U.S. 82, 13 S.Ct. 22, 36 L.Ed. 896; In re Frederich, 149 U.S. 70, 13 S.Ct. 793, 37 L.Ed. 653; Fisher v. Baker, 203 U.S. 174, 27 S.Ct. 135, 51 L.Ed. 142, 7 Ann.Cas. 1018.

Does then Rule 4(f) aid the relator? Judge Clark discussed this rule, among others, at the Cleveland conference held July, 1938, and observed that the rule was only a moderate extension of the present law to enable process to be served within the territorial limits of the state in which the District Court is held. He said:

"The question has been raised whether this is not a substantive change, one affecting jurisdiction and venue. I might say on that, it is our theory that definitely it is not. This is not a matter of either the jurisdiction of the court, what matters the court shall hear and decide, or of the venue, which is the place where certain kinds of action shall be tried. This affects neither one of those points. It simply says that in cases where the district court already has jurisdiction and venue its process may reach as far as the confines of that state itself. In other words, that is why we consider it procedural. It is simply allowing people to be brought before the court within the entire state and not merely within one district."

Supporting that opinion is Rule 82, which provides:

"Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

■ So that if rule 4(f) were applicable it could only be if this court had jurisdiction and venue. Scrutinizing the petition and the supplemental petition, wherein are the facts which disclose jurisdiction and venue? It appears that the

relator, before his induction into the Army, resided in Jamaica, Queens County, and that he was a registrant of Local Board No. 274, having its office at Richmond Hill, New York; that he was inducted into the Army on January 31, 1944 and reported for active duty first at Camp Upton on January 31, 1944 and thereafter on February 7, 1944 was transferred to a camp at Fort Ontario, in the Northern District of New York. He now seeks a writ directed to the Commanding Officer of that camp to produce him in this court in the Eastern District of New York. Thus it appears that both relator and respondent are beyond the territorial limits of the district. Of course, this court, like all other District Courts, has jurisdiction over the subject matter, i.e. by virtue of U.S.C.A., Title 28 § 451 et seq., it has jurisdiction to issue writs of habeas corpus seeking the release of those held in unlawful custody. But having jurisdiction of the subject matter does not of itself give jurisdiction over the persons named in the proceeding. Rule 4(f) can be availed of and is to be availed of only when from the complaint or petition filed it can be determined that the court has jurisdiction both of the subject matter and the parties. Thus if a complaint were filed which gave jurisdiction by virtue of a federal statute, or because of diversity of citizenship, then process other than a subpoena could be served anywhere within the territorial limits of the state in which the District Court is held.

■ Selection of proper venue is necessarily of a main consideration. Where jurisdiction is not based wholly on diversity it should be brought in the district where the defendant resides, U.S.C.A. Title 28, Sec. 112.

■ Rule 4(f) should also be read in relation to Rule 81 (a) (2), which reads: "In the following proceedings appeals are governed by these rules, but they are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore

conformed to the practice in actions at law or suits in equity: admission to citizenship, habeas corpus, quo warranto, and forfeiture of property for violation of a statute of the United States."

Of this provision of the rules, Mr. Justice Roberts said, in Holiday v. Johnston, supra, that the Rules of Civil Procedure "are not applicable 'otherwise than on appeal' in habeas corpus cases 'except to the extent that the practice in such proceeding is no set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or in suits in equity * * *.' Since the practice in habeas corpus is set forth in plain terms in the Revised Statutes to which reference has been made Rule 53 has no application."

Sections of the Revised Statutes referred to in quoted passage are Secs. 757, 758 and 761, 28 U.S.C.A. §§ 457, 458 and 461.

■ Jurisdiction can be found then in habeas corpus proceedings only if the relator is physically detained within the territorial limits of the court issuing the writ. Jones v. Biddle, 8 Cir., 131 F.2d 853; United States ex rel. Lee Fook Chew v. McNeil, 3 Cir., 69 F.2d 107; United States ex rel. Belardi v. Day, 3 Cir., 50 F.2d 816; 28 U.S.C.A. §§ 452, 455. See also Ex parte Gouyet, D.C., 175 F. 230; Ex parte Yee Hick Ho, D.C., 33 F.2d 360.

■ It is true that none of these cases, nor any cited by the petitioner or relator, construes Rule 4(f) of the Federal Rules of Civil Procedure; but it is also true that there is no case cited which discloses that a writ of habeas corpus may issue from a court directed to a respondent outside of the territorial limits of the court though within the territorial limits of the same state. But the principle seems well established that the matter is one of jurisdiction and not of procedure, and hence, since jurisdiction does not appear from the face of the petition, it must be denied. See also Carby v. Greco, D.C., 31 F.Supp. 251; Gibbs v. Emerson Electric Mfg. Co. et al., D.C., 29 F.Supp. 810; and Doyle et al. v. Loring et al., 6 Cir., 107 F.2d 337.