**CROWE v. UNITED STATES.**

**No. 5795.**

United States Court of Appeals Fourth Circuit.

Oct. 9, 1948.

Casper Crowe, Pro Se.

Thomas A. Uzzell, Jr., U. S. Atty., of Asheville, N. C., for appellee.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

On May 15, 1947, in the United States District Court for the Western District of North Carolina, one Casper Crowe, who was duly represented by counsel, entered a plea of guilty to indictments charging bank robbery and violation of the Federal Firearms Act, 15 U.S.C.A. § 901 et seq., the National Stolen Property Act, 18 U.S.C.A. § 413 et seq., and the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. He was sentenced to a term of twenty-five years imprisonment and was confined in the Federal Penitentiary at Atlanta, Ga. On April 7, 1948, he filed with the United States District Court for the Western District of North Carolina a petition for a writ of habeas corpus, which was denied on the ground that the court was without

jurisdiction to entertain the petition. An appeal has been taken to this Court and, in addition, a petition has been filed with us asking that the District Judge be required to pass upon the petition.

 As the petitioner was confined in the State of Georgia, it is clear that the lower court had no jurisdiction to grant a writ of habeas corpus. Ahrens v. Clark, 335 U.S. 138, 68 S.Ct. 1443. If there had been any denial of the petitioner's constitutional rights in the course of the proceedings leading to his imprisonment, it would have been proper to consider the petition for the writ of habeas corpus a petition for relief by writ of error coram nobis, and we have accordingly examined the record of the proceedings in the cause as though such petition had been filed. We find nothing, however, that would justify the entertaining of such petition. On the contrary, it appears that, at the time petitioner pleaded guilty and was sentenced he was represented by an experienced and able member of the bar and that his rights were fully protected.

The order denying the writ of habeas corpus will be affirmed and the petition that the District Judge be required to pass upon the matter alleged in the petition will be denied.

Affirmed.