PHILLIPS v. HIATT, Warden.

No. 7.

United States District Court
D. Delaware.
April 26, 1949.

---

[1] No opinion for publication.

Louis J. Finger (Richards, Layton & Finger) and William S. Megonigal, Jr. (Morris, Steel, Nichols & Arsht), all of Wilmington, Del., for petitioner.

William Marvel, U. S. Atty., and Daniel L. Herrmann, Asst. U. S. Atty., both of Wilmington, Del., for respondent.

RODNEY, District Judge.

The question in this case is whether a United States District Court has the power or jurisdiction to issue a writ of habeas corpus or other writ in the nature thereof

on behalf of a person confined in a federal penitentiary outside the territorial limits of such court under a sentence imposed by another United States District Court, when the purpose of the writ is to have the prisoner brought within the territorial jurisdiction of the issuing court to stand trial on a new and different charge.

Petitioner is at present serving a prison term in the United States Penitentiary at Atlanta, Georgia, pursuant to a sentence imposed by the United States District Court for the Eastern District of Pennsylvania.

Petitioner alleges that a new charge is pending against him in the District of Delaware and that the Warden of the United States Penitentiary at Atlanta, Georgia, has been served with a detainer filed by the United States Attorney for the District of Delaware. Petitioner alleges further that his right to a just and speedy trial on the new charge, guaranteed by the Sixth Amendment to the Constitution of the United States, is being infringed and requests that a writ of habeas corpus ad prosequendum issue from this United States District Court for the District of Delaware directing W. H. Hiatt, Warden of the United States Penitentiary, Atlanta, Georgia, to produce him in the United States District Court for the District of Delaware forthwith, to stand trial on the charge pending in this jurisdiction.

This court, having granted leave to petitioner to proceed in forma pauperis, sua sponte raised a question of its own jurisdiction to issue the writ as requested and appointed counsel to represent the petitioner in order that the jurisdictional question might be determined.[1] Counsel have ably argued in favor of the court's jurisdiction, but the law is so abundantly against assumption of jurisdiction under the present circumstances that the petition must be dismissed.

Two federal statutes would seem to be involved in the present question. Section 2241 of Title 28 U.S.C.A.,[2] provides, inter alia, that writs of "habeas corpus may be granted by * * * the district courts * * * within their respective jurisdictions." Section 1651 of Title 28 U.S.C.A.,[3] known popularly as the "all writs statute," provides, inter alia, that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions agreeable to the usages and principles of law."

■ It has been precisely held that writs of habeas corpus issued under 28 U.S.C.A. § 2241 may be issued only on behalf of petitioners who are confined or detained within the territorial jurisdiction of the issuing court. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898; McAffee v. Clemmer, App.D.C., 1948, 171 F.2d 131; Crowe v. United States, 4 Cir., 1948, 169 F.2d 1022.[4] Here the petitioner is confined or detained outside the territorial jurisdiction of this court and consequently there is no jurisdiction in this court under 28 U.S.C.A. § 2241 to issue the writ of habeas corpus as requested.

Counsel for petitioner, however, contend that a writ of habeas corpus or in the nature of habeas corpus may issue from this court under 28 U.S.C.A. § 1651, the "all writs statute."

■ It is argued that the constitutional right to a speedy and public trial which petitioner asserts is being violated is a substantial right not lost or abridged by the fact that he is, at the time the new charge is brought, confined in a penitentiary on another charge and that the issuance of a writ under Section 1651 is the only procedure suitable and practical to secure petitioner's rights. Section 1651 is said to be a "catch-all provision" for the issuance of writs in cases where statutory procedures are found to be inadequate. Strong

---

[1] See Hauck v. Hiatt, D.C.W.D.S.C. 1943, 50 F.Supp. 534, 535.

[2] Formerly R.S. § 752, 28 U.S.C.A. § 452.

[3] Formerly Sec. 262 of Judicial Code, R.S. § 716, 28 U.S.C.A. § 377, with certain minor changes.

[4] It has been held that the territorial jurisdiction of a district court of the

United States is determined by statute and not by geography. United States v. Day, 3 Cir., 1931, 50 F.2d 816, 817. In most cases, of course, the territory over which Congress has given a United States District Court jurisdiction coincides with well-defined and established geographical boundaries.

reliance is had upon Price v. Johnston, 1948, 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356, where the Supreme Court of the United States said, inter alia, that the section is a "legislatively approved source of procedural instruments designed to achieve 'the rational ends of law.'" The Supreme Court in the cited case also held that the forms of habeas corpus authorized by Section 1651 are not limited to those recognized in this country when the section came into existence, and in the cited case the court approved an order under the section "in the nature of a writ of habeas corpus".

■ The Supreme Court, discussing the writ of habeas corpus in another connection in a later case, counseled against the erection of rigid procedural rules which would in effect impose new jurisdictional limitations on the writ and stated that the writ is available "for use by a district court *within its recognized jurisdiction* whenever necessary to prevent an unjust and illegal deprivation of human liberty." Wade v. Mayo, 1948, 334 U.S. 672, 681, 68 S.Ct. 1270, 1275, 92 L.Ed. 1647. (Emphasis added.)

■ Counsel for petitioner argue that the relief requested by petitioner is not a writ of habeas corpus ad prosequendum but rather an order in the nature of a writ of habeas corpus directing the Warden to perform certain acts while keeping petitioner in his custody.[5] For the purposes of the present argument, it will be assumed that petitioner's counsel are correct in their contention that petitioner seeks something different from a writ of habeas corpus ad prosequendum and that the nature of the relief sought is within the contemplated scope of Section 1651.[6]

But even assuming that petitioner's counsel are correct in that the relief sought by petitioner may properly be granted under Section 1651, still such relief may not

be granted by this court for the very same reason that relief may not be granted under Section 2241, viz., that the order of this court may not run beyond its territorial jurisdiction.

■ Under general provisions of law, a United States District Court cannot issue process beyond its territorial limits. Georgia v. Pennsylvania R. Co., 1945, 324 U.S. 439, 467-468, 65 S.Ct. 716, 89 L.Ed. 1051. A specific exception by Congress is a prerequisite to the extension of the district courts' jurisdiction beyond their respective territorial limits. Ahrens v. Clark, 1948, 335 U.S. 188, 190, 68 S.Ct. 1443, 92 L.Ed. 1898.

■ "Process" has been interpreted as embracing all writs, including writs of habeas corpus,[7] and the above principle has been recognized and applied in habeas corpus proceedings. Ahrens v. Clark, supra.

■■ There is nothing in Section 1651 or its statutory antecedents specifically giving the district courts power or jurisdiction to issue writs thereunder beyond their respective territorial limits. It follows under the above principle that writs issued pursuant to Section 1651 may not run beyond such limits.

Indeed, this result must clearly follow. In Ahrens v. Clark, supra, the Supreme Court has held that under the express habeas corpus statute, 28 U.S.C.A. § 2241, the writs may be issued only on behalf of petitioners confined or detained within the territorial jurisdiction of the issuing court. Conceding that writs' of habeas corpus may also be issued under the "all writs statute," 28 U.S.C.A. § 1651, yet it must follow a fortiori that such writs be subject to the same territorial limitation. It would be anomalous that habeas corpus, being one of the oldest and most valued of legal remedies known to our law, would be limited and circumscribed in its character

---

[5] For definitions of habeas corpus ad prosequendum and other ancient forms of habeas corpus, see Price v. Johnston, 1948, 334 U.S. 266, 281, 68 S.Ct. 1049, 92 L.Ed. 1356.

[6] "A petition for habeas corpus ought not to be scrutinized with technical nicety. Even if it is insufficient in sub-

stance it may be amended in the interest of justice." Holiday v. Johnston, 1941, 313 U.S. 342, 350, 550, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392.

[7] See United States v. Commanding Officer of Camp Upton, D.C.E.D.N.Y. 1944, 3 F.R.D. 360, 361.

and ordinary writs be accorded a wider acceptation and usefulness.

In Bowen v. Johnston, 306 U.S. 19, 26, 59 S.Ct. 442, 446, 83 L.Ed. 455, it is said, "It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired." Where the writ of habeas corpus must fail because of jurisdictional limitation, no other writ can operate in its stead and to accomplish the same purpose.

Writs issued under Section 1651 have been cited as an example of the type of process of a district court which is not effective beyond the court's territorial jurisdiction. United States v. Parson, D.C. S.D. Calif.1938, 22 F.Supp. 149, 153. And it has been held that a writ may not be issued under the statutory antecedent of Section 1651 by a federal court in one district to the marshal of another federal district directing him to arrest a person within his jurisdiction, but outside that of the issuing court. Palmer v. Thompson, 1902, 20 App.D.C. 273; Mitchell v. Dexter, 1 Cir., 1917, 244 F. 926, 931.[8] In the latter case the court stated that the statutory antecedent of Section 1651 did not give "authority to a federal District Court to issue processes to run beyond the limits of the territory in which it is established, but rather * * * [was] a designation of the form or character of writs which such court may issue within the territory where it is established."

Section 1651, which in its present form is different from its statutory antecedent in only certain minor respects unimportant upon the present question, supplies the federal district courts with power to issue writs to prevent, inter alia, the deprivation of constitutional rights within their respective territorial limits in those cases where no such power is specifically conferred upon them by other Congressional enactments. But the section does not increase the respective territorial boundaries of the federal district courts' jurisdiction. The section rather provides general standards to guide the federal courts in issuing writs within their territorial limits.

Neither Price v. Johnston, supra, nor Wade v. Mayo, supra, aids petitioner on the point under discussion. In both cases, the petitioner sought the writ from the federal district court of the district in which he was confined, and hence no question of the writ running beyond the court's territorial limits was raised.

In certain other cases applying the above rule, it does not clearly appear whether the petitioners sought relief under the "all writs statute" or under the specific habeas corpus statutes. The courts, however, held that process or proceedings involving habeas corpus may not issue on behalf of a person outside the territorial limits of the court. See, e. g., In re Bickley, D.C.S.D. N.Y., 1865, 3 Fed.Cas., page 332, No. 1,-387; In re Boles, 8 Cir., 1891, 48 F. 75; United States v. Commanding Officer of Camp Upton, D.C.E.D.N.Y., 1944, 3 F.R.D. 360. In the latter case, it was also held that the jurisdiction of a federal district court to issue habeas corpus is not enlarged by the Federal Rules of Civil Procedure, 28 U.S.C.A.

The reasons for the territorial limitation of District Courts is well stated in Ex parte Graham, C.C.E.D.Pa. 1818, 10 Fed. Cas. page 911, No. 5657. The court in the cited case recognized that process cannot be issued from one federal district into another district except where authority therefor is specifically bestowed by Congress.

Counsel for petitioner cite an instance where the United States District Court for the District of Columbia issued a writ of habeas corpus ordering the production of a prisoner who was at the time confined in the federal penitentiary in Atlanta, Georgia.[9] A very recent holding of the Court of Appeals for the District of Columbia denies jurisdiction in its District Court to entertain a petition for habeas corpus on behalf of a prisoner confined in a District of Columbia penal institution

[8] These cases antedate the Federal Rules of Criminal Procedure, 18 U.S.C. A., and to some extent are modified by Rule 4 (c) (2) insofar as the service of a warrant of arrest is concerned, but such modification does not affect the proper interpretation of the statute here involved.

[9] Downey v. United States, 67 App.D.C. 192, 1937, 91 F.2d 223.

outside such court's territorial· jurisdiction. The court stated it had theretofore held that its District Court has jurisdiction over habeas corpus proceedings filed by inmates of District of Columbia penal institutions which are not within the District of Columbia, but that such holdings ·are now overruled by the Ahrens case. McAffee v. Clemmer, App.D.C.1948, 171 F.2d 131.

Counsel for petitioner also cite two cases in which this court has issued writs of habeas corpus ad prosequendum ordering production of prisoners who were at the time confined outside the territorial jurisdiction of the court. This seems to be correct. The cases occurred some years ago and the action, in its inception, antedated this court as now constituted. A careful inspection of the records discloses that the question of jurisdiction was never raised or considered by this .court in any instance. At all events, the action seems contrary to the Ahrens case and other cases cited herein.

Irrespective of the desire of this court to secure to petitioner what may be deemed to be substantial constitutional rights, the lack of jurisdiction in the court compels a dismissal of the petition.